JAS. R. DICKEY, Respondent, *v.* B. G. HURLBURT, County Judge of Sutter County, and others, Appellants.

Time and place are of the substance of every election.

The Legislature cannot confer upon a County Judge the power of designating the place and manner of holding an election, as it is a ministerial and not a judicial act, and an election thus held will be void.

By the Constitution of this State, the Legislature must fix the seats of justice, or places of holding Court, and cannot delegate the power to any other body, or to decision by popular vote. PER HEYDENFELDT, J.

APPEAL from the District Court of the Tenth Judicial District, Yuba County.

The opinion the Court contains the facts.

*G. N. Swezy,* for Appellant.

*T. B. Reardan,* for Respondents.

No briefs on file.

MURRAY, C. J., delivered the opinion of the Court. HEYDENFELDT, J., concurred.

This was a proceeding by mandamus in the Court below, to compel the county officers of Sutter County, to open their offices and transact the business of said county, at the town of Nicolaus. No exception has been taken to the form of the remedy, and the proceeding seems to be of an amicable character, to determine the legal seat of justice of Sutter County.

The Act of 1850, " to provide for the permanent location of seats of justice," fixed the county seat of Sutter, at Oro,—the Act of 1851, entitled "An Act to divide the State into Counties, etc.," removed the seat of justice to Nicolaus. The Act of 1854, entitled "An Act amendatory of an Act to provide for the permanent location of seats of justice of the several counties of the State, passed April 11th, 1850," provides that, " whenever the inhabitants of any county of this

State desire to remove the seat of justice of the county from the place where it is fixed by law or otherwise, they may present a petition to the County Judge, praying such removal, and an election shall be held to determine to which place such removal shall be made." The Act containing other provisions as to the votes necessary to determine the election, etc. Under the provisions of this Act an election was holden, and Yuba City duly declared the seat of justice of said county.

It is now sought to invalidate the result of this election, on the ground, that so much of the Act as requires the County Judge to call the election, is unconstitutional within the decision of this Court, (in the case of Burgoyne *v.* The Supervisors of San Francisco, 5 Cal., 9,) the same being a ministerial act, to the exercise of which the judiciary is not competent. This position we think incontrovertible. In the case of The People *v.* Brenham, 3 Cal., 477, this Court held that the neglect or refusal of the Common Council to call an election for municipal officers, as directed by their Charter, would not vitiate an election holden on a day appointed by law; that the machinery of an election had been provided by statute, viz—time, place and inspectors; and that the mere proclamation was not of the essence or substance of the act to be done. Such would be the decision in this case, if the Legislature had merely imposed upon the County Judge the duty of making proclamation of the election; for, as in the first case, the election was valid, without any proclamation, so in the latter it would be legal,—such proclamation having been made by an officer having no authority to perform that duty. But time, and place, are of the substance of every election; and the statute under which the election in the present case was holden, confers upon the County Judge the power of designating the place and manner of holding such election, so that the whole result depends for its legality upon his acts. From its inception to the declaration of the final result, the whole proceeding is conducted by an officer acting without legal authority, and is therefore void.

Judgment affirmed.

HEYDENFELDT, J.  I concur in the reasoning and conclusions of the Chief Justice, but am of opinion that, by the Constitution of this State, the Legislature must fix the seats of justice, or places of hold-

ing Court, and cannot delegate the power to any other body, or to a decision by popular vote; and therefore I place my concurrence in the judgment upon that ground.