## DAVIS v. RAILROAD CO.

(Filed March 1, 1904).

1. GIFTS—*Questions for Jury—Railroads.*

   In this action against a railroad for killing a cow, whether the
   title to the cow was in the wife of plaintiff, under a gift from
   plaintiff to her, is a question for the jury.

2. RAILROADS—*Negligence—Presumptions—Evidence—Instructions—
   The Code, sec. 2326—Nonsuit.*

   Where a plaintiff makes a *prima facie* case by suing for the killing
   of a cow within six months, the defendant is not entitled to
   nonsuit the plaintiff on the ground that such *prima facie* case
   is rebutted by the evidence of the defendant.

MONTGOMERY, J., dissenting.

ACTION by H. C. Davis against the Seaboard Air Line
Railroad, Company, heard by *Judge M. H. Justice* and a
jury, at September Term, 1903, of the Superior Court of
BERTIE County.

This is an action for damages for killing a cow. As the
action was brought within six months after the cow was
killed, a *prima facie* case of negligence arose under section
2326 of The Code. Both sides introduced testimony, and
the issues and answers thereto were as follows: 1. Was the
plaintiff the owner of the cow in question? "Yes." 2. Did
the defendant company negligently and wrongfully kill said
cow? "Yes." 3. If so, what damage has the plaintiff sus-
tained thereby? $40.

All the exceptions before us relate to the refusal to non-
suit, the charge and the refusal to charge. Upon these ques-
tions the following proceedings appear from the record:

After the testimony was closed the defendant renewed its
motion to nonsuit upon the grounds, first, that the title to the

cow was not in the plaintiff but in his wife Cora; second, because the defendant had rebutted the *prima facie* case of negligence made out by the statute. Motion refused, and defendant excepted. Exception No. 2.

The defendant in apt time requested the Judge to charge the jury that if they believed the evidence they should answer the first issue "No."

Refused, and defendant excepted. Exception No. 3.

That upon the whole evidence they should answer the second issue "No."

Refused, and defendant excepted. Exception No. 4.

That if they believed the evidence, the defendant had rebutted the *prima facie* case of negligence made out by the statute, and they should answer the second issue "No."

The Court did not give the charge in the language requested, but charged the jury as hereinafter stated, and the defendant excepted. Exception No. 5.

The Court charged the jury that they should pass upon the title to the cow, and they should determine from the testimony as to whether the cow was the property of the plaintiff or of his wife.

The Court charged the jury upon the second issue that the question of negligence would be left to them upon all of the testimony. That when the plaintiff showed to their satisfaction that the defendant had killed the cow in question, if they found the plaintiff owned her, that was *prima facie* evidence under the statute, and, nothing else appearing, the plaintiff was entitled to recover, and they should answer the second issue "Yes." But if the defendant had satisfied them that the killing was without negligence and unavoidable, as testified to by the defendant's witness, then they should answer the second issue "No."

To this charge the defendant excepted, and assigned as

error, first, the refusal to charge as requested, and second, for error in the charge as given.

The following testimony given by the plaintiff is the only evidence relating to the ownership of the cow: "The railroad runs across my land. The cow was killed on December 18, 1902, the defendant's train was two hours behind time. I went home from Lewiston, N. C., and saw my cow. She was dead, lying in a ditch. I saw tracks of the cow upon the defendant's road; looked like it had struck and knocked her off. The cow was more gentle than my driving horse. I bought the cow and gave her to my wife. I told my wife she could take her, and my wife *accepted* the gift." The witness was asked: "Why are you bringing suit for your wife's cow?" He replied: "The cow belonged to both of us; what is my wife's is mine. I told my wife she could have the cow. There was no separation of the cow from the other cattle. I bought the cow and paid for her with my own money. My wife claimed her. The cow ran in the woods and on the farm. The farm belongs to my wife. I bought the land upon which we live, using part of the money received from the sale of my wife's land and about $200 of my own money, and took the title in her name. I placed metallic tags in the cow's ears; the name of my wife was stamped on the tags. I had the tags on hand. I did not wish to change the marks of cattle I had bought, and put the tags on most of the cattle. I listed the cattle in my name, including this cow, for taxation." The only direct testimony as to the manner in which the cow was killed was given by the engineman, a witness for the defendant.

In a judgment for the plaintiff, the defendant appealed.

*Francis D. Winston,* for the plaintiff.
*Day & Bell* and *Murray Allen,* for the defendant.

DOUGLAS, J., after stating the case.   We see no error in the action of his Honor.   The questions raised by the defendant have been so recently decided and fully discussed that but little more can be said.   The defendant insists that the Court should have found, as matter of law, that the plaintiff was not the owner of the cow.   It is clear that the plaintiff, having bought the cow with his own money, became the owner thereof, and remained such owner unless there was a completed gift to his wife, which was a mixed question of law and fact for the determination of the jury. This question is directly decided in *Gross v. Smith,* 132 N. C., 604, where the Court says: "We think there was evidence sufficient to be submitted to the jury upon the question of the parol gift.   There can be no doubt that delivery of possession is essential to constitute a valid gift.   'The necessity of delivery' says *Chancellor Kent,* 'has been maintained in every period of English law.'   2 Kent Com., 438; 2 Blk., 441. But the question in this case is whether there was a delivery in fact.   The declarations or admissions of the intestate and the other testimony are not conclusive upon that question, but the jury must find the fact of delivery from all of the evidence.   *   *   *   All courts hold that delivery is necessary to the validity of the gift, but the fact of delivery may be found by the jury from the acts, conduct and declarations of the alleged donor, just as any other material fact may be found in the same way from the acts, conduct and declarations of a party to be affected thereby.   What is a gift is a question of law, but whether or not there was a gift in any particular case is a question for the consideration of the jury upon the testimony."   The defendant further contends that the Court should have held as matter of law that the *prima facie* case created by the statute had been rebutted by the testimony of the defendant's witness.   This question is directly decided in *Baker v. Railroad,* 133 N. C., 31, wherein

the Court says: "This was an action for negligently killing a horse. At the close of the evidence the defendant moved to nonsuit the plaintiff. The action was brought within six months, and the killing having been shown, the statute raised a presumption of negligence, and the burden to rebut such presumption being upon the defendant, the Judge could not find affirmatively that the defendant's evidence had been sufficient to do this. This was a matter for the jury. The Judge could instruct the jury, as he did in this case, that a certain state of facts, if believed by them, would rebut the presumption, but not that certain evidence, though uncontradicted, would do so. The burden is on the defendant to rebut the presumption, and the jury alone can pass on its credibility; otherwise, if the only eye-witness is witness for the defendant, the plaintiff will be at his mercy and would be deprived altogether of the benefit of the statute because he did not happen to see the killing. It would be a novelty to nonsuit the plaintiff on the defendant's evidence." We gave careful consideration to both of the above-cited cases, and see no reason now to reverse our ruling.

The wife of the plaintiff was permitted to become a party to the action after verdict. This was proper to the extent of binding her by the verdict to the future exoneration of the defendant, but it would not relate back to the bringing of the action so as to have the effect of raising in her favor the *prima facie* case created by the statute. As she disclaims any interest in the subject-matter of the action we, do not see how the defendant can be injured in any way, especially in the view we take of the case.

The judgment is affirmed.

MONTGOMERY, J., dissenting. This action was brought in the name of H. C. Davis. On the trial he testified for himself that he had given the cow to his wife; that he had placed

metallic tags in the cow's ears with the name of his wife stamped on the tags; that the cow ran in the woods and on the farm, and that the farm belonged to his wife, and that there was no separation of the cow from the other cattle. That evidence, in my opinion, constituted a gift, and the Court should have dismissed the action upon the motion of the defendant.