### C. B. SITTERSON v. THOMAS SPELLER.

(Filed 30 September, 1925.)

**1. Pleadings—Actions—Interveners—Judgments.**

An interpleader in an action is not entitled to judgment upon ground that the plaintiff has not answered his interplea, when it appears that the complaint was filed after the interplea containing allegations sufficient to sustain the plaintiff's contention, and in complete denial of the allegations of the interplea.

**2. Claim and Delivery—Actions—Interveners—Issues—Burden of Proof.**

An interpleader or intervener in claim and delivery has not the same status as one who has regularly become a party plaintiff or defendant therein, and he has the burden of proof upon the single issue involving his independent right to the property in controversy.

APPEAL by W. P. Speller, intervener, form *Devin, J.,* at April Term, 1925, of BERTIE.

Civil action in claim and delivery, tried upon the following issue:

"Is the interpleader, W. P. Speller, entitled to the possession of the property described in his interplea? Answer: No."

From a judgment on the verdict and pleadings in favor of plaintiff, the defendant filing no answer, the intervener appeals, assigning errors.

*Craig & Pritchett for plaintiff.*
*Gillam & Davenport for intervener.*

STACY, C. J. This is an action in claim and delivery, instituted by plaintiff, as mortgagee and lienee, to recover of the defendant, Thomas Speller, the possession of certain crops and articles of personal property, described in various mortgages and liens executed by defendant to plaintiff. Judgment by default was entered against the defendant because of his failure to appear or file any answer to plaintiff's complaint. But after the institution of the action and before trial, W. P. Speller was allowed to intervene and set up claim to all the property seized by the sheriff, except two mules which he excluded from his allegation of ownership. Upon the issue thus joined between the plaintiff and the intervener, there was a verdict and judgment in favor of the plaintiff.

The intervener's first exception is to the refusal of the court to grant his motion for judgment on the pleadings, no answer or reply having been filed by the plaintiff to his petition and affidavit in which he claimed title to the property in controversy. The court committed no error in this respect, for it appears from an inspection of the record that the complaint was filed after the intervener's application to be allowed to interplead, and the complaint, so filed, contains a full and complete answer to the allegations set out in intervener's application and affidavit. It is manifest from the pleadings that the controversy arises out of conflicting claims based upon several mortgages and liens executed by the defendant to the plaintiff and the intervener. In this state of the record, it is unnecessary for us to say whether or not the plaintiff, in a claim and delivery proceeding, should formally answer the allegation of ownership made by an interpleader, though such practice has been pursued in a number of cases. *Dawson v. Thigpen,* 137 N. C., 462; C. S., 840, and annotations.

In a claim and delivery proceeding, where an interpleader or intervener is allowed to come in and set up title and right to possession of the property attached or seized, such interpleader or intervener does not, strictly speaking, become a party to the action in the same sense and with the same status as the original parties, or those made so, pending the action, either by the court *ex mero motu* or upon application. *Dawson v. Thigpen, supra.* It is well settled by all the authorities that an interpleader or intervener, in such an action, is entitled to be heard only upon one issue, namely: Does the property seized belong to the interpleader or intervener? *Temple v. LaBerge,* 184 N. C., 252; *Feed Co. v. Feed Co.,* 182 N. C., 690; *Bank v. Furniture Co.,* 120 N. C., 477. In such suit, the interpleader or intervener cannot raise or litigate any other question or right. *Dawson v. Thigpen, supra.*

His Honor correctly charged the jury that upon the issue thus joined, the burden was on the interpleader or intervener to make out his claim and to show title to the property in controversy. *Sterling Mills v.*

*Milling Co.,* 184 N. C., 461; *Mangum v. Grain Co.,* 184 N. C., 181; *Moon v. Milling Co.,* 176 N. C., 410.

A careful perusal of the record leaves us with the impression that the case has been tried substantially in accord with the decisions bearing on the subject, and that the verdict and judgment should be upheld.

No error.