### GEORGE LOCKHART v. PILOT LIFE INSURANCE COMPANY, AND FLORENCE HAILEY, INTERPLEADER.

(Filed 12 January, 1927.)

**1. Insurance, Life—Policies—Contracts—Vested Rights.**

Where a life insurance policy is in full force at the time of the death of the insured, and issued in favor of a designated beneficiary by name, such beneficiary having acquired a vested right under the policy contract may recover thereon as against the right of another to whom the policy has on its face been attempted to have been changed, there being no evidence that the policy itself authorized a change of this character to be made, or that the original beneficiary had thereto assented.

**2. Same—Change of Beneficiary—Evidence.**

Where a policy of life insurance has matured upon the death of the insured, and on its face the beneficiary appears to have been changed, the interpleader, relying upon this change, has the burden of proof to establish it.

**3. Same—Burden of Proof.**

Where a life insurance company acknowledges that it is obligated for the payment of its policy of insurance, but that it is claimed by two different persons as beneficiary, and one of them interpleads in the action, and founds her right to recover on the ground that the policy contract had been changed to her as the beneficiary, the burden rests upon her to establish her right.

APPEAL by plaintiff from *Lane, J.,* and a jury, at August Term, 1926, of UNION. New trial.

Plaintiff brought this action against defendant to recover $300 on an insurance policy, No. L51477, issued by it 18 August, 1924, on the life of plaintiff's wife, Millie Lockhart. The policy was made payable to plaintiff on the death of his wife, who died 1 January, 1926. Due proof of death, in accordance with terms of policy, was furnished the defendant insurance company. The plaintiff kept all the premiums

paid, as required by the policy, and the policy was in full force and effect at the death of Millie Lockhart. Demand was duly made by plaintiff on defendant for the amount of the policy, $300. These facts are not disputed by the defendant insurance company, but in its further answer it says: "That prior to the death of the said Millie Lockhart, the beneficiary in said policy was changed or attempted to be changed to Florence Hailey, a sister of the said Millie Lockhart, and the said change in beneficiary was duly endorsed on the policy issued on the life of the said Millie Lockhart, and that the said Florence Hailey has made demand upon this defendant for the payment of said $300, the amount of the policy, to her. That the defendant admits that it is liable in the amount of three hundred dollars, the amount of said policy, either to George Lockhart the plaintiff, or to Florence Hailey, the other claimant, and that it is ready, willing and anxious to pay said amount to the proper party, but that demand has been made, both by the plaintiff and the said Florence Hailey, each claiming as beneficiary under said policy, and this defendant is therefore advised and believes that it is necessary that the said Florence Hailey should be made a party to this proceedings, so that she may come in and assert her rights in said cause, so that the amount of the policy may be paid to the party entitled thereto."

Florence Hailey intervenes or interpleads, and says: "Prior to her death the said Millie Lockhart, with the consent of the Pilot Life Insurance Company, changed the beneficiary named in said policy, to wit, the plaintiff George Lockhart, to this interpleader, and this interpleader is the beneficiary of said policy and is entitled to the proceeds thereof."

In answer to the interplea, the plaintiff alleges: (1) Mental incapacity on part of Millie Lockhart and undue influence and fraud on part of Florence Hailey to induce Millie Lockhart to change the policy; (2) an agreement with his wife as to a policy on his life payable to her at his death; "and he, the plaintiff was to pay all the premiums, assessments or dues on said policy so long as she might live with the distinct understanding that the policy on the life of his said wife should be paid to him upon the death of his said wife, and he did keep all the assessments, dues or premiums on both of said policies paid to the death of his said wife in keeping with his said agreement, and therefore has the right to the benefit of said policy as the defendant should well know."

On the trial the court below ruled that plaintiff proceed to prove his case—to this there was no exception by plaintiff. The plaintiff introduced the complaint and answer showing admissions as before set forth. This evidence was admitted against the insurance company, but not against the intervener. The plaintiff rested.

Florence Hailey, the intervener, testified: That she was the person to whom the policy in question was alleged to have been changed; that she

never received anything from the defendant on said policy. She introduced paragraph one of the defendant's further defense and further answer, as follows: "That it is true that on 18 August, 1924, it issued a policy in the amount of $300 on the life of Millie Lockhart, payable to George Lockhart, her husband, as beneficiary, and that all premiums due on said policy were paid up to the time of the death of Millie Lockhart; the defendant further says, however, that prior to the death of the said Millie Lockhart, the beneficiary in said policy was duly changed or attempted to be changed to Florence Hailey, a sister of the said Millie Lockhart, and that the said Florence Hailey has made demand upon this defendant for the payment of the said $300, the amount of the policy, to her." The court stated that this paragraph was admitted as against the defendant, but not as against the plaintiff. Interpleader Florence Hailey rested.

The plaintiff tendered issue as follows: "In what amount, if any, is the defendant, Pilot Insurance Company, indebted to the plaintiff?"

The plaintiff requested the court to charge the jury that if they believed the evidence, they would answer the above issue submitted by him "$300, with interest from 2 March, 1926, until paid." The court refused to submit the issue tendered or to give the instruction, to which ruling the plaintiff excepted and assigned error.

The court submitted to the jury the issue, as follows: "In what amount, if any, is the Pilot Life Insurance Company indebted to the interpleader, Florence Hailey?"

The court charged the jury that if they believed the evidence, they should answer the issue submitted that the defendant was indebted to the interpleader in the sum of $300 with interest from 1 January, 1926. This was the only instruction given by the court to the jury. To the court's submitting the issue and instruction, the plaintiff excepted and assigned error.

The jury answered the issue according to the court's instruction in favor of the interpleader, to which plaintiff excepted and assigned error. Judgment was rendered on the verdict and plaintiff appealed to the Supreme Court.

*R. B. Redwine for plaintiff.*
*Vann & Milliken for intervener.*

CLARKSON, J. The defendant, Pilot Insurance Co., introduced no evidence, but admitted that it owed the amount of the policy either to plaintiff or the intervener. It made no appeal to this Court. The policy of insurance was not introduced in evidence by any of the litigants. Plaintiff's main contentions are: "That he was entitled to an instruction that upon the whole evidence he should recover: (a) Having

proved by admission of the defendant that the policy was issued; (b) that the plaintiff was the beneficiary; (c) that the insured was dead and the policy was in full force and effect; (d) that this established a vested right in the plaintiff as beneficiary and there being no proof that the insured, much less the defendant company, had reserved any right to change the beneficiary and such attempt, if any was made, was void; (e) that the only evidence the interpleader offered was not admitted against the plaintiff and so announced by the court."

The intervener contends: "The main question in this case is that of identity of beneficiary at the time of insured's death. The plaintiff proved that *at the time of the issuance of the policy* he was beneficiary, and stopped his proof there."

We think the only question involved in the appeal—who was entitled to the $300.00 on the death of plaintiff's wife, Millie Lockhart? The defendant Insurance Company admitted the policy, when issued, was payable on the death of Millie Lockhart, to plaintiff. So far as plaintiff's rights are concerned there was no evidence introduced to show that the company had any provision in the policy to change the beneficiary. The mere fact that the Insurance Company alleges "that prior to the death of the said Millie Lockhart the beneficiary in said policy was duly changed or attempted to be changed to Florence Hailey," etc., cannot affect the plaintiff's vested right without proof.

There is no allegation or proof in the record by the Insurance Company or the intervener, to show that the Insurance Company had a right, under the provisions of the policy, to change the beneficiary from plaintiff in favor of the intervener, Florence Hailey.

In *Wooten v. Order of Odd Fellows,* 176 N. C., at p. 56, it is held: "The general rule is that the right to a policy of insurance, at least to one of the ordinary character, and to the money which may become due under it, vests immediately, upon its being issued, in the person who is named in it as beneficiary, and that this interest, being vested, cannot be transferred by the insured to any other person *(Central National Bank v. Hume,* 128 U. S., 195) without his consent. This does not hold true, however, when the contract of insurance provides for a change of the beneficiary by the insured, or such a right arises in some other way, for in such a case the right of the beneficiary vests conditionally only, and is subject to be defeated by the terms of the very contract, or instrument, which created it, and is destroyed by the execution of the reserved power. These principles, we take it, are well settled by the highest authority and great weight of judicial opinion," citing numerous cases.

It is well settled by a long line of decisions that the burden is on the intervener and he or she is entitled to but one issue: "Does the fund belong to her?" *Maynard v. Ins. Co.,* 132 N. C., p. 711.

In *Hill v. Patillo,* 187 N. C., at p. 532, it is held: "In such a proceeding the intervener is not called on or required, and indeed he is not permitted to question the validity of plaintiff's claim against defendant, nor to file any answer thereto which denies or tends to deny its validity. On the contrary, the intervener has himself become the actor in the suit and on authority is restricted to the issue whether his claim of right and title is superior to that of the original plaintiff. *Mitchell v. Talley,* 182 N. C., 683; *Maynard v. Ins. Co.,* 132 N. C., 711; *Cotton Mills v. Weil,* 129 N. C., 452." *Sitterson v. Speller,* 190 N. C., p. 192.

The fact that the court below put the burden on plaintiff and he made no exception, is immaterial under the facts in this case. The laboring oar was on the intervener to show title to the insurance money. From the evidence, plaintiff had vested interest in the fund and the burden was on the intervener to show, by competent evidence, that it was divested and she was entitled to it. This was not done and the charge of the court below cannot be sustained.

In *Lanier v. Insurance Company,* 142 N. C., at p. 18, it is held: "Under the terms of the policy sued on, plaintiff had such an interest as entitled her to recover upon the death of the insured if the premiums had been paid and the policy was otherwise in force, unless the defendant company could show it had been lawfully surrendered by her consent, or that the insured had duly and legally exercised the power reserved in the clause quoted, entitled 'change of beneficiary.' . . . To successfully resist a recovery upon such ground the burden of proof is on defendant to show a strict compliance by the insured with the provisions of such clause in the policy before the rights of the plaintiff could be divested without her consent."

In its answer the insurance company is practically a stakeholder, admitting it owed either the plaintiff or the intervener. The burden was on the intervener.

For the reasons given there must be a

New trial.