J. G. JENNINGS v. JOHN SHANNON ET AL.

(Filed 10 December, 1930.)

1. **Mortgages H m—Purchaser at sale must prove title before crops were severed when intervening in action between mortgagor and tenant.**

    Where the purchaser of lands at foreclosure under the power of sale contained in a mortgage, intervenes in the landlord's action against the tenant for the possession of crops grown thereon, depending upon her title acquired under her deed given in pursuance of the sale, the burden of showing her title is upon the intervener, and she must establish as against the plaintiff the fact that the crops in question had not been severed or harvested at the time she had acquired her title under her deed, and a mere showing of demand for the crops is not sufficient.

2. **Same—Purchaser at foreclosure sale is ordinarily entitled to landlord's lien if his title is prior to severing of crops.**

    Lien upon the crops grown on lands by a tenant are incident to and connected with the estate in reversion and follows the assignment to a bargainee unless the crops are at the time severed or secured by a bond or note sufficient to break the connection and separate the obligation from the estate, and where mortgaged lands are in possession of a tenant and a foreclosure is had during the term of the lease the right to the lien on the crops for rent is dependent upon title to the land.

3. **Same—Purchaser at sale intervening in action by mortgagor against tenant should set up claims against mortgagor before judgment.**

    Where an intervener claiming crops grown upon the mortgaged lands as the purchaser of the lands at the foreclosure sale of the mortgage, any offsets or credits she may desire to claim against the mortgagor should

1—200

be set up by her before judgment, and *held further*, under the facts of this casè the question as to whether the purchaser paid for the lands upon delivery of her deed is not important.

APPEAL by intervener, Kate M. Gregory, guardian of William H. D. Morris, Kathryn S. Morris, Mary Louise Morris, and Jesse J. Morris, from *Nunn, J.,* at January Term, 1930, of PASQUOTANK.

The case was heard on the following agreed statement of facts: On 1 September, 1924, the plaintiff and his wife executed a deed of trust to the Southern Trust Company, trustee, conveying land to secure bonds. The deed of trust was duly executed, delivered and recorded, and the sale held thereunder on 11 September, 1928, was regular and proper, at which time the intervener, Kate M. Gregory, guardian, became the purchaser. The plaintiff was the owner of and in possession of the lands on which the crops in dispute were raised on 1 January, 1928, said plaintiff having as his tenant from year to year for 1928, John Shannon, and said plaintiff remained in possession of said lands until title passed to Kate M. Gregory, intervener. The crops were matured and had been harvested and separated by John Shannon prior to the institution of this proceeding, said John Shannon remaining on said lands as tenant during the year 1929. It is admitted that the value of the crops taken under claim and delivery was $420, and that plaintiff, if successful, should recover said amount, less any credits or offsets to which the intervener is entitled. A deed to the property on which said crops were raised, dated 1 January, 1929, acknowledged 13 April, 1929, was executed and delivered to Kate M. Gregory, intervener, and at the same time a deed of trust to secure the purchase price was executed and delivered by said intervener. Said deed was duly and properly recorded in the office of the register of deeds in Pasquotank County in Book 75, at page 291, and 292, on 17 August, 1929. Said crops were not matured nor harvested on 11 September, 1928. Shortly after said date the intervener notified the tenant, John Shannon, not to deliver the landlord's portion of said crops to plaintiff. The plaintiff contracted to sell the landlord's portion of said crops and went upon said land for the purpose of removing said crops a few days prior to the institution of this proceeding. Upon discovering that the defendant, Gregory, had started to remove a portion of said crops plaintiff instituted this proceeding.

Shortly prior to the sale, on 11 September, 1928, Mrs. Gregory, intervener, was advised by the trustee that the amount due on the Jennings deed of trust dated 1 September, 1924, was $4,388.40. When the property was sold she bid that amount—there being no other bids and no raise—from which, after paying the following items, to wit: Newspaper advertising $12.00, trustee's commission $219.42, court costs

$5.70, Southern Trust Company, insurance premium, $38.45; the trustee had in hand and applied on said bond the sum of $4,112.83.

*McMullan & LeRoy for plaintiff.*
*Worth & Horner for intervener.*

ADAMS, J. Mrs. Gregory, as intervener, was not concerned with the controversy between the plaintiff and his tenant; she was concerned with the protection of her interest in the property. Upon her, therefore, devolved the burden of establishing her title. *Lockhart v. Insurance Co.,* 193 N. C., 8; *Sitterson v. Speller,* 190 N. C., 192; *Temple v. LaBerge,* 184 N. C., 252.

Rent reserved by a landlord is rent service and passes to the assignee of the reversion. *Kornegay v. Collier,* 65 N. C., 69; *Rogers v. McKenzie, ibid.,* 218; *Bullard v. Johnson, ibid.,* 436. In *Wilcoxon v. Donelly,* 90 N. C., 245, it is said that rents accruing under a contract of lease are incident to and connected with the estate in reversion, and, when the estate is transferred, follow the assignment to the bargainee unless they are at the time overdue or are secured by bond or note, which breaks the connection and separates the obligation from the estate. And in *Mercer v. Bullock,* 191 N. C., 216, it is said that when mortgaged lands are in the possession of a tenant and a foreclosure is had during the term of the lease, the title to the rent is dependent on that of the property.

The intervener did not acquire the legal title to the property until the deed was executed and delivered. The deed was dated 1 January, 1929; it was acknowledged 13 April and recorded 17 August, 1929. The purchase money was not paid at the time of the sale. The date the deed was delivered to the intervener is not definitely ascertained, but when it was delivered the price was secured by a deed of trust. For this reason we are not interested in the question whether full payment on the day of sale would have vested in the purchaser such an equitable interest as would have entitled her to rents subsequently accruing. *Grosvenor v. Bethel,* 26 S. W., 1096; Note C, L. R. A., 1915 C, 206.

The intervener has not shown that the sale was consummated and the deed delivered before the crops had been harvested and divided between the landlord and the tenant. Indeed, the facts seem to be directly the reverse. *Collins v. Bass,* 198 N. C., 99, cited by the appellant, is authority for the position that where the mortgagee or purchaser has not entered, or the crops are severed before entry, he is not entitled to them. The mere demand of the intervener, in the absence of evidence that she held a legal or equitable title when she demanded the rent, is not such entry as the law contemplates. Presumably her deed was not delivered

prior to the time its execution was acknowledged; if so, when she received her deed the crops had been severed and the landlord's rent had been paid.

The appellant contends that the judgment should be reduced by "any credits or offsets to which the intervener is entitled." This is an agreed fact; but such credits or offsets should have been set up before the judgment was rendered.

Affirmed.