# Richmond

## MOLLIE D. PARKER v. AMERICAN LUMBER CORPORATION AND OTHERS.

November 21, 1949.

Record No. 3563.

Present, Hudgins, C. J., and Spratley, Buchanan and Staples, JJ.

The opinion states the case.

*Thomas L. Woodward* and *John H. Fulcher*, for the appellant.

*John J. Wicker, Jr., Paul M. Shuford* and *W. W. Jones*, for the appellees.

BUCHANAN, J., delivered the opinion of the court.

The Industrial Commission has denied compensation to the appellant, Mollie D. Parker, as the widow of Hezekiah Parker, and on this appeal the question presented is whether she was legally his wife.

Hezekiah Parker died March 5, 1948, as the result of an injury suffered in the course of his employment. The appellant filed an application for a hearing claiming compensation as his widow and sole dependent. In it she stated that the case could not be settled by agreement because "my husband was not married previously as far as I know. My former statement was a mistake." She had apparently stated to the employer that her husband had four children.

At a hearing on June 2, 1948, she filed a certified copy of a marriage license showing her marriage to Parker on August 23, 1941, in Northampton county, Virginia. She then testified that she had thought these children were her husband's, but after his death his brother told her they were the brother's children, and that the children she referred to were all grown. She first met her husband, she said, in Conway, North Carolina, about five years before they were married; that he was not married at that time and to the best of her knowledge and belief he had never been married before. Two other witnesses testified that Parker had said he had never been married before he married Mollie, and that he had never said anything about having children. There were no children of his marriage with Mollie.

As a result of this hearing an award was made to Mollie as the widow and only dependent of the deceased. Subsequently Sylvia Hill filed an affidavit stating that she had married Parker on August 4, 1923, in Edgecombe county, North Carolina, filing a certificate of marriage to Carl Parker, who was the same person as Hezekiah Parker, she said; that nine children were born of this marriage, two of whom (Viola and Lillie Mae) were under eighteen, as shown by certificates of their birth which were filed. She also stated that she and Hezekiah Parker separated thirteen or fourteen years ago, and that she had since married and was

living with Henry Hill. Thereafter, by order of September 8, 1948, the commission restored the case to the hearing docket.

A second hearing was held November 11, 1948. Sylvia then testified that Carl Parker, whom she married in 1923, was the same person as Hezekiah Parker, and there was other evidence to the same effect. She said she and Hezekiah separated some eleven or twelve years before, which would be 1937 or 1936, "because he was not so good to me and my children." The only time she ever saw him afterwards was when he came to see the children for a few minutes in 1941, and said he was expecting to be called for military duty. He was called later but his military record did not show he had any children or was married. Sylvia also testified that she married Hill about two and one-half years after her separation from Hezekiah, but that she never had got a divorce from Hezekiah and had not heard anything about his getting a divorce from her, and that no divorce papers or summons of any kind had been served on her.

At the conclusion of this hearing the commission vacated the former award and held that Mollie's marriage to Hezekiah was bigamous and void and that she was not entitled to compensation. It also held that Sylvia was not entitled to compensation but that Viola and Lillie Mae, the two infant children of Sylvia and Hezekiah, were his only surviving dependents, and made an award in their favor. The correctness of that ruling depends on whether in legal contemplation Hezekiah was divorced from Sylvia at the time he married Mollie.

Appellant contends that under Code, 1942 (Michie), section 5074, the marriage license of Hezekiah and Mollie furnishes *prima facie* evidence that he was divorced from Sylvia. On the application for that license, required by said section, Hezekiah stated on oath (declared by the statute to be material on prosecution for perjury) that he was divorced, having been previously married once. The statute does not, however, make that statement *prima facie* a fact.

Said section also requires that the minister celebrating the marriage shall make his own certificate of the time and place of the marriage, which shall be returned to the clerk, who is required to record it by section 5076 of the Code. Section 5074 provides that when the certificate of the minister is so recorded, the record thereof shall be *prima facie* evidence of the facts stated therein. This clearly applies to the minister's certificate, and does not include statements made in the application for the license.

Appellant's main contention is that there is a legal presumption that her marriage to Hezekiah was valid; that the burden was on the appellees to overcome that presumption, that is, to show that Hezekiah was not divorced; that the evidence was not sufficient for that purpose and, hence, that the finding of the commission was without sufficient evidence to support it.

The decided weight of authority, and we think the correct view, is that where two marriages of the same person are shown, the second marriage is presumed to be valid; that such presumption is stronger than and overcomes the presumption of the continuance of the first marriage, so that a person who attacks a second marriage has the burden of producing evidence of its invalidity. Where both parties to the first marriage are shown to be living at the time of the second marriage, it is presumed in favor of the second marriage that the first was dissolved by divorce. These presumptions arise, it is said, because the law presumes morality and legitimacy, not immorality and bastardy. 55 C. J. S., Marriage, sec. 43c(3), p. 893; 35 Am. Jur., Marriage, sec. 195, p. 306; Annotations, 34 A. L. R. 464, at p. 476, 77 A. L. R. 729, at p. 736; *Pittinger* v. *Pittinger*, 28 Colo. 308, 64 P. 195, 89 Am. St. Rep. 193, and note at p. 198.

The cases are not entirely in harmony as to the force and effect to be given to the presumption in favor of the validity of the second marriage. Generally, it is said to be a strong presumption but one that may be rebutted by evidence of invalidating facts. In 55 C. J. S., *supra,* Marriage,

sec. 45e, p. 918, many cases are cited in support of the statement that in order to overcome this presumption of validity, "the evidence must be strong, distinct, satisfactory and conclusive." A less stringent and, as we think, a more logical and better supported rule is this, from the case of *Brokeshoulder* v. *Brokeshoulder*, 84 Okla. 249, 204 P. 284, 34 A. L. R. 441, at p. 452:

"The presumption arising in favor of the validity of a second marriage is not a conclusive presumption, but is what is known as a 'rebuttable presumption', and the one contending against the legality of the second marriage is not required to make plenary proof of a negative averment. It is enough that he introduce such evidence as, in the absence of all counter testimony, will afford reasonable grounds for presuming that the allegation is true, and when it is done the *onus probandi* will be thrown on his adversary." See also *Turner* v. *Williams*, 202 Mass. 500, 89 N. E. 110, 132 Am. St. Rep. 511, 24 L. R. A. (N. S.) 1199; 35 Am. Jur., Marriage, sec. 218, p. 324; Note by Freeman to *Pittinger* v. *Pittinger*, *supra*, 89 Am. St. Rep. at p. 198, urging the injustice of too rigid a presumption to a wife who has remained faithful to a husband who abandoned her and married again without notice to her of divorce; *Alto* v. *State Industrial Acci. Comm.*, 118 Ore. 231, 246 P. 359; Wigmore on Evidence, 3rd ed., vol. 9, sec. 2491, p. 289.

But "where the presumption of law is a true rule of law assigning a *prima facie* force to an inference of fact, i. e., is properly a presumption of law, the basic inference of fact at all times remains to exert its full logical effect in the case." Chamberlayne, Modern Law of Evidence, vol. 2, section 1083, p. 1326.

Applying these principles to this case we have this situation: The marriage of Parker to Mollie, his second marriage, was duly proved. The burden was then on appellees to produce evidence to show the invalidity of that marriage. They proved the former marriage to Sylvia, and she testified that she had not divorced him and had never

had any notice of any divorce obtained by him. Nevertheless, within two and one-half years from the time they separated she married again and was living with her second husband when Parker married Mollie and on down to the time of his death. There was no other attempt to prove there had been no divorce. In the eleven or twelve years of their separation, Sylvia made no claim that Parker was her husband. She neither saw nor heard from him in that period except the one time in 1941 when he came to see the children.

In the meantime, Parker had lived, for times of uncertain duration, in North Carolina, New Jersey and Maryland, and in Virginia around Norfolk, Suffolk and in Franklin. On August 23, 1941, some five years after he left Sylvia, and after she had married again, he married Mollie and lived with her until he died seven years later. On his application for license to marry Mollie he made oath that he had been married once before and was divorced. If that statement was not true, he was guilty of perjury, and of bigamy when he married. She signed that oath with him, and, of course, knew the statement was made.

It is true that she stated in the application for license that she was single, when in fact she was a widow; and it is also true that on the first hearing she denied knowledge of his previous marriage and that there were children of that marriage. This was evidently untrue and done, no doubt, for the purpose of securing all the compensation for herself. This was reprehensible, of course, but it does not add to or subtract from the question of whether Parker was divorced from Sylvia at the time he married Mollie. That issue remains to be decided on the weight of the presumption that he was divorced from Sylvia, coupled with his sworn statement that he was so divorced, as against the statement of Sylvia that she did not divorce him and did not know of his divorcing her, coupled with the fact that two and one-half years after their separation she married another man.

In *Pittinger* v. *Pittinger, supra* (64 P. 195, 89 Am. St. Rep.

193), the facts were very similar to those here. The Colorado court held that considering the strong presumption of the validity of the second marriage in connection with the facts shown, the testimony of the first wife that she had not obtained a divorce and that no papers for that purpose were ever served on her, was not sufficient to establish that no divorce had been obtained. On similar facts the same conclusion was reached in these cases: *Freed* v. *Sallade*, 245 Ala. 505, 17 So. (2d) 868; *Lathan* v. *Lathan*, 175 Ark. 1037, 1 S. W. (2d) 67; *Doertch* v. *Folwell Engineering Co.*, 252 Mich. 76, 233 N. W. 211; *Marsh* v. *Marsh*, 79 Cal. App. 560, 250 P. 411; *Osmac* v. *American Car, etc., Co.*, 328 Mo. 159, 40 S. W. (2d) 714, 77 A. L. R. 722; *Hatfield* v. *United States* (2d Cir.), 127 F. (2d) 575; and other cases cited in 55 C. J. S., *supra*, Marriage, section 45e, p. 918, note 12.

We are not unmindful of the statutory provision and of our cases holding that a finding of fact made by the commission, based on evidence deemed by it to be credible, is conclusive and binding, and in the absence of fraud not subject to review. Code, 1942 (Michie), section 1887(61); *Mulkey* v. *Firth Bros. Iron Works*, 188 Va. 451, 455, 50 S. E. (2d) 404, 406.

This case, however, does not turn upon a conclusion from conflicting evidence. There is no conflict in the testimony on the controlling issue, i. e., whether Parker was divorced from his first wife. The question is whether as matter of law there was sufficient evidence to overcome the presumption that he was, and to support the finding that he was not. We hold the evidence adduced to be insufficient to support the finding that Mollie was not Parker's lawful wife.

The award is, therefore, reversed to the extent that it denies compensation to the appellant, and the case is remanded to the commission with direction to amend its award to include the appellant as the widow of deceased and to divide the compensation between her and the two dependent children of his first marriage, as provided by law.

*Reversed and remanded.*