EFFIE BANKS WILLIAMS v. EDDIE WILLIAMS Administrator of DAVID
M. WILLIAMS; EDDIE WILLIAMS and wife, MRS. VIOLA WILLAMS;
and CASSIE MORGAN WILLIAMS, Intervenor.

(Filed 24 May, 1961.)

**1. Evidence § 10—**

A party voluntarily intervening has the burden of proving his case
and establishing the rights claimed.

**2. Dower § 8:    Marriage § 2—**

Where, in proceedings for the allotment of dower, a party intervenes,
admits the prior marriage of petitioner but proves a second marriage
to herself, the burden is upon intervenor to prove that the first marriage
had been terminated by divorce so as to establish the legality of the
second marriage, and in the absence of such evidence nonsuit of the
intervenor's claim is proper. Distinction is noted where the first spouse
is dead at the time of the hearing.

RODMAN, J., dissenting.

DENNY and BOBBITT, JJ., concur in dissent.

APPEAL by intervenor, Cassie Morgan Williams, from *Hooks, S.J.,*
at January-February 1961 Term of JOHNSTON.

Special proceeding for the allotment of dower.

On 29 February 1960, the petitioner, Effie Banks Williams, filed
a special proceeding in the office of the Clerk of the Superior Court
of Johnston County alleging that David Williams died intestate on
25 April 1959, possessed of two tracts of land containing in the ag-
gregate 29.9 acres located in Johnston County and requesting that
she, as surviving widow of David Williams, be alloted dower in said
land.

Thereafter Cassie Morgan Williams filed an interplea in which she
alleges that she married the intestate in South Carolina on 30 De-
cember, 1953, and that she is the surviving widow and, therefore, en-
titled to dower.

Upon the issues raised by the intervenor the cause was transferred
to the civil issue docket of the Johnston County Superior Court. When
the matter came on for hearing it was stipulated by the parties that
the petitioner, Effie Banks Williams, and the intestate, David Wil-
liams, were lawfully married on 21 December 1929, and lived together
as man and wife, and that David Williams died intestate on 25 April
1959, seized and possessed of the land in controversy.

At the close of all the evidence the petitioner's motion for judgment
as of nonsuit as to the intervenor was allowed and the court proceeded
to make findings of fact and conclusions of law thereon.

From judgment in favor of the petitioner, the intervenor excepts and appeals to the Supreme Court, and assigns error.

*James R. Pool, Levinson & Levinson for plaintiff appellee.*
*Lyon & Lyon for intervenor appellant.*

WINBORNE, C.J.  The determinative question on this appeal is whether or not the lower court erred in nonsuiting the intervenor and concluding as a matter of law, upon the admitted facts and the evidence adduced at the trial, that the petitioner is entitled to dower in the lands of which David M. Williams died seized and possessed.

Ordinarily the petitioner has the burden of proof. However, in cases of voluntary intervention the intervenor has the burden of proving his case and establishing the rights claimed. *McKinney v. Sutphin,* 196 N.C. 318, 145 S.E. 621; *Jennings v. Shannon,* 200 N.C. 1, 156 S.E. 89.

It is said in the *McKinney* case, *supra:* "The intervener becomes the actor and the burden of the issue is on the intervener," citing *Sitterson v. Speller,* 190 N.C. 192, 129 S.E. 191; *Lockhart v. Ins. Co.,* 193 N.C. 8, 136 S.E 243; *Sugg v Engine Co.,* 193 N.C. 814, 138 S.E. 169.

In the case in hand there is evidence that the petitioner and the intestate were married in 1929 and lived together for about two years before separation. In fact the intervenor stipulated and agreed that Effie Banks Williams and David Williams were lawfully married on 21 December 1929, and lived together as husband and wife in Johnston County. There is further evidence to the effect that after the separation the deceased visited petitioner periodically for four years. There is also evidence that the parties involved lived only four or five miles from each other from the time of the marriage between the petitioner and deceased in 1929 until the latter's death in 1959. Furthermore, the petitioner testified that she had not married again; that she had not signed any papers concerning a divorce or separation; and that she had never been served by anyone with papers relating to an action for divorce. The intervenor, Cassie Morgan Williams, offered evidence of her alleged marriage to the intestate in 1953, and that thereafter she continuously lived with him in his home until the date of his death.

Indeed, the intervenor, Cassie Morgan Williams, does not allege in her interplea that David Williams was ever divorced from the petitioner, Effie Banks Williams, or that she had defeated her right to dower by abandonment and infidelity as provided by G.S. 52-20. In short, the intervenor has not alleged nor offered any evidence show-

ing or tending to show that David Williams was legally able to marry her on 30 December 1953.

One who asserts a property right which is dependent upon the invalidity of a marriage must make good his cause by proof. See *Kearney v. Thomas,* 225 N.C. 156, 33 S.E. 2d 871.

The appellant relies on the language in the *Kearney* case to reverse the trial court's ruling. There it is said: "A second or subsequent marriage is presumed legal until the contrary be proved, and he who asserts its illegality must prove it. In such case the presumption of innocence and morality prevail over the presumption of the continuance of the first and former marriage." However, in that case, the death of the first wife being admitted, the question before the Court was whether or not the evidence was sufficient to be submitted to the jury upon the validity of a subsequent marriage.

The law indulges in presumptions from the necessities of the case in the absence of sufficient evidence to establish the fact to be proved. In the present case, the burden was not upon the petitioner to show that her marriage was valid because this was stipulated and admitted by the intervenor. And the burden was upon the intervenor to show by evidence that the marriage had been invalidated or dissolved. This she has failed to do. In fine, all the evidence is to the effect that the marriage between Effie Banks Williams and David Williams had not been legally dissolved at his death. There is no evidence to the contrary. Therefore, the conclusion is that the court properly nonsuited the intervenor and decided the questions as a matter of law.

For reasons stated the judgment from which appeal is taken is

Affirmed.

RODMAN, J., dissenting: Decisive of this controversy is the answer to this question: Was Cassie Morgan Williams lawfully married to David Moses Williams, who died 25 April 1959?

The majority concludes as a matter of law the question must be answered in the negative. I think the evidence requires a jury determination.

Perhaps some amplification of the evidence as stated in the opinion may be helpful. Petitioner Effie Banks and David Williams were married in 1929. At the time of his death she lived four or five miles from him. Petitioner, a witness in her own behalf, did not testify how long she and deceased lived together as husband and wife, but evidence offered by petitioner would justify the jury in finding that the marital relationship lasted no longer than four years. There was evidence from which the jury could find that petitioner and deceased lived within

four or five miles of each other from the time of their separation until his death.

On 17 August 1941 a marriage certificate was issued in Dillon, South Carolina, to David Williams and Louella Pearce. Pursuant to this certificate a marriage ceremony was performed in South Carolina. They returned to Johnston County and lived as man and wife until Louella's death in 1952. In December 1948 a deed for land in Johnston County was made to David M. Williams and wife Louella C. Williams, perhaps a part of the land in which petitioner now seeks dower. In March 1952 David M. Williams and wife Louella C. Williams executed a mortgage or deed of trust on real estate in Johnston County. On 21 December 1953 the register of deeds of Johnston County issued a certificate authorizing the marriage of David M. Williams and Cassie Morgan. This was more than a year after the death of Louella. The certificate was duly returned showing the marriage ceremony was performed. From that time until Williams' death, nearly five and one-half years, they lived together as man and wife in Johnston County. A death certificate was issued and recorded showing "Name of husband or wife: Cassie Williams." David Williams lived within four or five miles of petitioner during the eighteen years he was openly proclaiming Louella, and following her death, Cassie, as his wife. Apparently the truthfulness of that assertion was not challenged until after David's lips were sealed in death.

Does this evidence require submission of the determinative question of fact to the jury? I think it does. The reason leading to that conclusion is clearly and concisely stated by *Buchanan, J.,* in *Parker v. American Lumber Corp.,* 56 S.E. 2d 214, 14 A.L.R. 2d 1. He said: "The decided weight of authority, and we think the correct view, is that where two marriages of the same person are shown, the second marriage is presumed to be valid; that such presumption is stronger than and overcomes the presumption of the continuance of the first marriage, so that a person who attacks a second marriage has the burden of producing evidence of its invalidity. Where both parties to the first marriage are shown to be living at the time of the second marriage, it is presumed in favor of the second marriage that the first was dissolved by divorce. These presumptions arise, it is said, because the law presumes morality and legitimacy, not immorality and bastary." This statement of the law is supported by many cases assembled in the notes to the *Parker* case, 14 A.L.R. 2d 9-60.

Many other cases announcing the same legal principle are to be found in *Osmak v. American Car & Foundry Co.,* 77 A.L.R. 722, and the annotations supplementing that report. It is said in 55 C.J.S. 894: "(W)here a valid first marriage has been established, it may be pre-

sumed in favor of the second marriage that at the time thereof the first marriage had been dissolved, either by decree of divorce or by the death of the former spouse, so as to cast the burden of adducing evidence to the contrary on the party attacking the second marriage." In note 3 are assembled cases supporting the presumption of divorce terminating the first marriage.

This legal presumption so generally recognized and applied led *Seawell, Jr.,* speaking for a unanimous Court, to quote Chamberlayne, Trial Evidence and say: " 'A second or subsequent marriage is presumed legal until the contrary be proved, and he who asserts its illegality must prove it. In such case the presumption of innocence and morality prevail over the presumption of the continuance of the first or former marriage.' This statement is so abundantly supported by well-considered cases, so consonant with reason, and so consistent with analogous practices, as to justify its adoption." *Kearney v. Thomas,* 225 N.C. 156, 33 S.E. 2d 871. Among the more recent cases applying the rule as there announced are *Page v. U. S.,* 193 F. 2d 936, and *Batts v. U. S.,* 120 F. Supp. 26, both based on North Carolina law; *Harper v. Dupree,* 345 P. 2d 644; *In re Nidever's Estate,* 5 Cal. Rep. 343; *King v. Keller,* 117 So. 2d 726.

Could the court weigh the evidence offered by petitioner for the purpose of determining whether it outweighed the presumption and evidence supporting intervenor's claim, or was it required to submit that question to the jury?

*Brown, J.,* stated the law in this manner: "Whenever the rules of evidence give to testimony the artificial weight of a presumption, the question whether such presumption is rebutted by parol evidence, introduced for the purpose, must go to the jury, unless the truth of such rebutting testimony is admitted." *Fortune v. Hunt,* 149 N.C. 358. This is a repetition of the law as declared by *Avery, J.,* in *Kendrick v. Dellinger,* 117 N.C. 491. *Trust Co. v. Bank,* 166 N.C. 112, 81 S.E. 1074; *In re Will of Wall,* 223 N.C 591, 27 S.E. 2d 728; *Davis v. R.R.,* 134 N.C. 300; *Brothers v. Jernigan,* 244 N.C. 441, 94 S.E. 2d 316; *Page v. U. S., supra;* McCormick, Evidence, sec. 311, p. 650; 88 C.J.S. 473-474.

If *Kearney v. Thomas* is not the law in North Carolina, we ought, I think, to expressly overrule it, specifically stating what the law is.

DENNY and BOBBITT, JJ., concur in dissenting opinion.