UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, O'Brien and Malveaux
Argued at Richmond, Virginia

MICHAEL J. WILLIAMS, JR.

v.     Record No. 0466-18-2

CARMEN B. WILLIAMS

MEMORANDUM OPINION[*] BY
JUDGE MARY GRACE O'BRIEN
DECEMBER 4, 2018

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
David E. Johnson, Judge

Jessica C. Boutwell (Cordell & Cordell, on brief), for appellant.

Dawn M. South (Law Offices of Deanna D. Cook, PC, on brief), for appellee.

Michael J. Williams, Jr. ("husband") appeals a final order granting Carmen B. Williams ("wife") a divorce. Husband contends that the court erred by denying his request for a continuance and striking the evidence in support of his pre-trial motion to declare the parties' marriage void *ab initio*. He also asserts that the court erred in refusing to find the parties' marriage void *ab initio*. Finding no error, we affirm.

BACKGROUND

Husband and wife married in New York on April 15, 1988, and moved to Virginia in 1991. Wife's previous marriage in Peru ended in divorce. A Peruvian court entered a divorce order on December 15, 1987. When wife applied for United States citizenship in 1994, she and husband learned that the Peruvian divorce order had been appealed and was ultimately affirmed on May 24, 1988. Despite initial concerns about the validity of the parties' marriage because of the divorce

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

appeal in Peru, United States immigration officials granted wife citizenship. Wife understood that she received citizenship "on the basis that [she] was married to [husband]."

Wife filed for divorce on March 31, 2015.[1] Husband filed an answer on May 18, 2015, but moved to amend his answer and assert a counterclaim on August 11, 2017. In his motion to amend, husband argued that wife "was still validly married to another person on April 15, 1988, rendering any supposed marriage between [the parties] on that date void." Following argument at a September 14, 2017 hearing, the court allowed husband to amend his pleadings to include his counterclaim that the marriage was void *ab initio*. Husband advised that he had been consulting with Peruvian attorneys and intended to produce a memorandum in support of his position. The court set an evidentiary hearing on the issue for November 14, 2017.

At the outset of the hearing, husband indicated that he was ready to proceed. He argued that under Peruvian law, wife's divorce decree entered on December 15, 1987 was suspended pending an appeal. He asserted that wife's divorce did not become final until the decree was affirmed on May 24, 1988, a date after the parties' April 15, 1988 marriage in New York. Husband introduced two exhibits. Both were Peruvian documents, written in Spanish, from wife's 1994 citizenship application. Wife had obtained them from the U.S. government and produced them to husband in discovery.

Wife identified Exhibit 1, which was partially handwritten, as a non-judicial document containing information about wife's marriage and divorce in Peru. She identified Exhibit 2 as a Peruvian divorce decree. According to wife, immigration officials reviewed the documents and were initially concerned because the divorce was appealed. Wife testified that husband contacted

---

[1] The parties had commenced divorce litigation twice before. Husband filed in 2003, but nonsuited. Wife filed in 2010, and the parties reached an agreement to remove that action from the docket. Husband never raised the issue of a void marriage in those prior cases.

his lawyers about this issue, but after wife met with immigration officials again, "it was not an issue for them anymore."

Husband attempted to offer as "legal precedent" two provisions from the Peruvian "code of civil procedure" that he printed from the Internet after a "simple Google search." The documents were in Spanish. Husband asked to have the court interpreter translate the documents and read them into the record in English. He proffered that the statutes "speak directly to [the] issue" of the finality of a divorce when appealed.

Wife objected. She argued that at the September 14, 2017 hearing, husband "made it very clear he was consulting with attorneys in Peru and hoped to provide [a] memorandum," which he never did. Wife also noted that husband failed to provide any documents purporting to be Peruvian law in discovery, despite her request for "any experts, any memorand[a], [and] any documents which he intends to introduce into evidence." Further, at husband's deposition, when asked if he had any legal authority or documentation to support his contention that the parties' marriage was void, he responded "my attorney does" and indicated that he would disclose the documents as soon as his lawyer "verifies them." The printouts of Peruvian statutes, however, were produced for the first time at the November 14, 2017 hearing.

Husband responded that his consultation with a Peruvian attorney "was not fruitful" and that he found the documents on the Internet "within the past twenty-four hours." He contended that because they were publicly available, he was not obligated to disclose them.

Wife also argued that husband was required to provide expert testimony about the effect of the Peruvian statutes on the appeal of a final divorce decree. She asserted that the statutes could not be considered "in a vacuum." The court agreed and sustained wife's objection.

Husband then moved for a continuance, which the court denied. Additionally, the court granted wife's motion to strike the evidence, finding that husband failed to meet his burden to establish that the marriage was void.

The case proceeded to trial on January 3, 2018. The court granted wife a divorce and ordered equitable distribution and spousal support. Husband filed a motion to reconsider and again requested that the court declare the parties' marriage void. The court denied his motion. At no point in the litigation, whether in the trial court or on appeal, did husband proffer a translation of or citation to the Peruvian code sections he contends are applicable.

ANALYSIS

A. Motion for a Continuance

Husband contends that the court erred by denying his request to continue the November 14, 2017 hearing. A "circuit court's ruling on a motion for a continuance will be rejected on appeal only upon a showing of abuse of discretion *and* resulting prejudice to the movant." Wroblewski v. Russell, 63 Va. App. 468, 485, 759 S.E.2d 1, 9 (2014) (quoting Haugen v. Shenandoah Valley Dep't of Soc. Servs., 274 Va. 27, 34, 645 S.E.2d 261, 265 (2007)). This standard presupposes that the court "has a range of choice, and . . . its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." Lawlor v. Commonwealth, 285 Va. 187, 212-13, 738 S.E.2d 847, 861 (2013) (quoting Landrum v. Chippenham & Johnston-Willis Hosps., Inc., 282 Va. 346, 352, 717 S.E.2d 134, 137 (2011)). "Only when reasonable jurists could not differ can [the Court] say an abuse of discretion has occurred." Grattan v. Commonwealth, 278 Va. 602, 620, 685 S.E.2d 634, 644 (2009) (quoting Thomas v. Commonwealth, 44 Va. App. 741, 753, 607 S.E.2d 738, 743, adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005)).

"In considering a request for a continuance, the court is to consider all the circumstances of the case." Venable v. Venable, 2 Va. App. 178, 181, 342 S.E.2d 646, 648 (1986). Here, wife

- 4 -

initiated the divorce action in March 2015, and in August 2017, husband sought to amend his answer and assert a counterclaim that the parties' marriage was void. In September 2017, the court set an evidentiary hearing for November 14, 2017. In the interim, discovery continued and husband was deposed. At the beginning of the hearing, husband stated he was ready to proceed. It was not until the conclusion of the hearing, when the court sustained wife's objection to the evidence of Peruvian law, that husband moved for a continuance. He had not provided copies of his proposed exhibit to wife, despite her discovery requests, and he did not have a translation of the exhibit or expert testimony to support his contention that the statutes rendered the parties' marriage void. Under these circumstances, the court did not abuse its discretion by denying husband's motion for a continuance.

Further, the record does not reveal any prejudice to husband. See Haugen, 274 Va. at 34, 645 S.E.2d at 265. Husband made no proffer of the Peruvian statutes or expert testimony he sought to develop when he asked for a continuance. The record indicates that he knew about the Peruvian divorce appeal in 1994. However, husband waited until 2017 to raise the issue, two years after wife initiated this divorce action. Then, he failed to locate any potentially relevant Peruvian law until the day before the hearing on his motion and only moved for a continuance after his evidence was excluded. Husband was, quite simply, unprepared for the hearing. For these reasons, the court did not err in denying husband's continuance request.

B.  Motion to Strike

Husband asserts that the court erred in granting wife's motion to strike the evidence as to his claim that their marriage was void *ab initio*. When reviewing a trial court's decision on a motion to strike, we must view the evidence in the light most favorable to the non-moving party. Kiddell v. Labowitz, 284 Va. 611, 629, 733 S.E.2d 622, 632 (2012). Here, the parties stipulated to the relevant dates, leaving only the issue of whether the Peruvian divorce, entered on December 15, 1987, was

- 5 -

final at the time they married in New York. "The public policy of Virginia . . . has been to uphold the validity of the marriage status for the best interest of society." Levick v. MacDougall, 294 Va. 283, 291, 805 S.E.2d 775, 778 (2017) (quoting Needam v. Needam, 183 Va. 681, 686, 33 S.E.2d 288, 290 (1945)). "[T]he presumption of the validity of a marriage ranks as 'one of the strongest presumptions known to the law.'" Id. (quoting Eldred v. Eldred, 97 Va. 606, 625, 34 S.E. 477, 484 (1899)). Even assuming the Peruvian divorce was affirmed on May 24, 1988, husband presented no evidence or legal authority that the divorce was not final in the first instance on December 15, 1987. Because husband failed to rebut the presumption of the validity of the parties' marriage, the court did not err in granting wife's motion to strike.

### C. Failure to Declare the Marriage Void

Husband contends that the court erred by denying his motion to declare the parties' marriage void *ab initio*. He argues that wife's prior marriage in Peru was not dissolved until May 24, 1988, after he and wife married in New York on April 15, 1988. According to husband, their marriage was therefore bigamous, in violation of Code § 20-43 (deeming bigamous marriages "absolutely void, without any decree of divorce, or other legal process").

Husband correctly asserts that Code § 20-38.1(a)(1) prohibits "[a] marriage entered into prior to the dissolution of an earlier marriage of one of the parties." Code § 20-45.1(A) states that "[a]ll marriages that are prohibited by § 20-38.1 are void." However, "[w]hen a party asserts that a prior marriage renders a later one void as bigamous, 'the second marriage is presumed to be valid.'" Rahnema v. Rahnema, 47 Va. App. 645, 664, 626 S.E.2d 448, 458 (2006) (quoting Parker v. Am. Lumber Corp., 190 Va. 181, 185, 56 S.E.2d 214, 216 (1949)). "While the presumption can be rebutted, the rebuttal proof must demonstrate not only a prior marriage, but also that the earlier marriage did not end before the later one began." Id. (citation omitted).

Husband had the burden to overcome the presumption that his marriage to wife was valid. See Levick, 294 Va. at 291, 805 S.E.2d at 778. Husband presented no evidence or authority to overcome that presumption. He did not introduce a translation of the Peruvian statutes he argued applied and presented no expert testimony about the effect of these statutes. Although Code § 8.01-386 and Rule of Evidence 2:202 allow courts to take judicial notice of another country's law, expert testimony is the proper method for establishing disputed points of the foreign law. See, e.g., Bajgain v. Bajgain, 64 Va. App. 439, 446-55, 769 S.E.2d 267, 270-75 (2015) (relying on expert testimony to uphold Nepali property distribution agreement); Johnson v. Johnson, 26 Va. App. 135, 140-41, 148, 493 S.E.2d 668, 670, 674 (1997) (discussing expert testimony on Swedish child custody law to affirm jurisdiction in Virginia).

The parties were married in New York on April 15, 1988. "A marriage's validity is to be determined by the law of the state where the marriage took place, unless the result would be repugnant to Virginia public policy." Kleinfield v. Veruki, 7 Va. App. 183, 186, 372 S.E.2d 407, 409 (1988). Husband's contention that under Peruvian law a divorce decree is not final until it is affirmed on appeal is just that – a contention. He offered no evidence or legal authority that the parties' marriage was contrary to the law of Virginia and its public policy against bigamous marriage. See id. at 190, 372 S.E.2d at 411. Therefore, the court did not err by ruling that husband failed to establish that the parties' marriage was void *ab initio*.

## D. Attorney's Fees

Wife asks that this Court award her attorney's fees incurred by defending this appeal. The key to determining a "proper award of [attorney's] fees is reasonableness under all the circumstances." Joynes v. Payne, 36 Va. App. 401, 429, 551 S.E.2d 10, 24 (2001). This Court considers factors such as whether the requesting party has prevailed or whether other reasons exist to support an award of attorney's fees. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479

S.E.2d 98, 100 (1996).  After considering the circumstances of this case, we deny wife's request for attorney's fees.

Affirmed.