PERCY BROTHERS, A MINOR, BY HIS NEXT FRIEND, JAMES BROTHERS, v. CHARLES H. JERNIGAN AND EDDIE P. AUSTIN
and
PERCELL SKINNER v. CHARLIE H. JERNIGAN AND EDDIE P. AUSTIN.

(Filed 19 September, 1956.)

**1. Automobiles § 54f—**

Admission by the employer of the ownership of the truck involved in the collision is sufficient to take the case to the jury on the issue of *respondeat superior* by virtue of G.S. 20-71.1, but the statute does not compel an affirmative finding, and the burden remains on plaintiffs to show that the driver was negligent and that he was the agent or employee of the owner and at the time acting within the scope of his employment.

BROTHERS *v.* JERNIGAN and SKINNER *v.* JERNIGAN.

**2. Automobiles § 54e: Evidence § 42f—**

Admission in the answer of the employee that at the time of the collision he was driving the employer's truck with the general knowledge and consent of the employer is improperly admitted over the employer's objection, since the admission is not against the interest of the employee but is an affirmative declaration tending only to contradict the defense of the employer.

**3. Automobiles § 54e: Principal and Agent § 13c—**

Testimony of a statement by the driver that he made the trip in question for the employer-owner is incompetent as to the employer as a hearsay declaration of the agent to prove the fact of agency.

**4. Trial § 17—**

While ordinarily the admission of evidence competent against one defendant and not another will not be held for error in the absence of a request at the time that its admission be restricted, such request is not necessary when prior to the admission of the evidence the court has stated that he was admitting the evidence as against both parties.

JOHNSON, J., not sitting.

APPEAL by defendants from *Frizzelle, J.,* June Term, 1956, of PERQUIMANS.

These two actions were instituted to recover damages in each case for personal injuries sustained by the overturning of a motor truck, alleged to have been caused by the negligence of the defendants.

As the alleged causes of action grew out of the same occurrence, the separate suits of the two plaintiffs were tried together below and so heard on appeal in this Court.

It was admitted that the truck in which the plaintiffs were riding at the time of its overturn was the property of defendant Jernigan, was registered in his name, and that it was being driven at the time by the defendant Austin who was a part-time employee of Jernigan. But defendant Jernigan denied that the truck was being driven with his knowledge and consent or that Austin was at the time acting as his agent or employee; that on the contrary Austin was using the truck for his own pleasure and not on any business of the defendant Jernigan. The guardian *ad litem* of defendant Austin in his answer denied he was guilty of any negligence. It was testified that the defendant Jernigan operated a cab stand and a wood yard in the city of Edenton, and that the defendant Austin, 19 years of age, was a part-time employee.

The plaintiffs' evidence tended to show that on 22 May, 1954, about midnight, the plaintiffs Brothers and Skinner were at the recreation center known as Southern Shores Beach; that they saw defendant Austin there driving Jernigan's truck, and he agreed to give them a ride to their home in Hertford; that there were two other young men with

plaintiffs who rode in the bed of the truck, and two besides Austin in the cab. On the way, Austin drove at a high speed and, coming to an intersection and sharp curve, negligently caused the truck to overturn, injuring both plaintiffs, the plaintiff Brothers apparently permanently.

The defendant Austin testified that on the afternoon of 22 May, 1954, he finished delivering wood for Jernigan and parked the truck at the wood yard and went home. Later, about 8 p.m., without asking Jernigan he took the truck and drove to Hertford to see some friends and then to the recreation center to a dance. As he was leaving he permitted the plaintiffs and others to ride in the truck, and that the truck overturned. He denied that he operated the truck negligently.

In the case of the plaintiff Brothers issues were submitted to the jury and answered as follows:

"1. Did the motor vehicle of the defendant Jernigan, and driven by the defendant Austin, upset at the intersection of highways, resulting in injury to the plaintiff Percy Brothers, as alleged in the Complaint? Answer: Yes.

"2. If so, were said upset and resulting injuries proximately caused by the negligence of the defendant Austin, as alleged in the Complaint? Answer: Yes.

"3. At the time of said upset, was the defendant Jernigan's vehicle being driven and operated by the defendant Austin as the agent of the defendant Jernigan, for the defendant Jernigan's benefit, and within the course and scope of the defendant Austin's employment, as alleged in the Complaint? Answer: Yes.

"4. Did the plaintiff by his own negligence contribute to his injuries, as alleged in the Answer? Answer: No.

"5. Was the defendant Austin an incompetent or reckless driver, and, if so, did the defendant Jernigan know, or in the exercise of due care should he have known, such fact? Answer: Yes.

"6. What damages, if any, is the plaintiff entitled to recover of the defendant Jernigan? Answer: $35,000.

"7. What damages, if any, is the plaintiff entitled to recover of the defendant Austin? Answer: $35,000."

Identical issues were submitted in the case of plaintiff Skinner and answered in same way except that the amount of damages awarded was $500.

From judgments on the verdicts, the defendants appealed.

*Robert B. Lowry and John H. Hall for plaintiffs, appellees.*
*LeRoy & Goodwin for defendants, appellants.*

DEVIN, J. The defendants excepted to the denial of their motions for judgment of nonsuit, but we think these motions were properly denied.

There was competent evidence that the injuries sustained by the plaintiffs were proximately caused by the negligence of the defendant Austin in the operation of the motor truck of his co-defendant, and it was admitted that the motor truck in which the plaintiffs were riding at the time was the property of the defendant Jernigan and registered in his name. Plaintiffs therefore were entitled to invoke the rule of evidence created by the statute codified as G.S. 20-71.1. This statute established, in the language of the decision in *Hartley v. Smith,* 239 N.C. 170, 79 S.E. 2d 767, "a ready means of proving agency in any case where it is charged that the negligence of a nonowner operator causes damage to the property or injury to the person of another." Admission of ownership by the defendant Jernigan afforded *prima facie* evidence that the truck was being operated by defendant Austin as employee of defendant Jernigan within the scope of his employment. *Jyachosky v. Wensil,* 240 N.C. 217, 81 S.E. 2d 644; *Travis v. Duckworth,* 237 N.C. 471, 75 S.E. 2d 309. It was said in *Caughron v. Walker,* 243 N.C. 153, 90 S.E. 2d 305: "Ownership of the truck is admitted by the defendant in his answer. This suffices, by virtue of G.S. 20-71.1, to carry the case to the jury against him, under the doctrine of *respondeat superior.*"

But while the vigor of the statute under these circumstances makes admitted ownership of the truck *prima facie* evidence that the operator was acting as his agent or employee within the scope of his employment, and sufficient to carry the case to the jury, it does not compel the finding by the jury that the driver was negligent or that he was the agent or employee of the owner and at the time acting within the scope of his employment. *Parker v. Underwood,* 239 N.C. 308, 79 S.E. 2d 765. The burden was still on the plaintiffs to establish these essential facts. The statute aids the plaintiffs in making out a case, but does not determine the issue. Hence the question whether or not defendant Austin was on this occasion acting as agent and employee of defendant Jernigan and within the scope of such employment was material for the proper determination of the actions. The question of agency was sharply presented for the jury's decision.

The defendants have brought forward in their assignments of error two exceptions to the rulings of the court below relating to this question.

The plaintiffs offered in evidence the following portion of the answer of the guardian *ad litem* of defendant Austin: "That on the night referred to in paragraph three of the complaint it is admitted that this defendant was driving said motor vehicle with the general knowledge and general consent of his codefendant." To this defendant Jernigan objected. The objection was "sustained as to the senior defendant" and

"admitted as to the junior defendant." Ordinarily evidence competent as to one defendant and incompetent as to another may be admitted usually with caution to the jury to consider the evidence only as to one and not as to the other, *Humphries v. Coach Co.,* 228 N.C. 399, 45 S.E. 2d 546, but under the circumstances of this case we think the ruling of the court in admitting the introduction of this portion of defendant Austin's answer and permitting the jury to consider it as evidence was prejudicial to the defendant Jernigan. This portion of the answer was not an admission against interest on the part of defendant Austin but an affirmative declaration which did not affect Austin's interest and only tended to contradict the defense of his codefendant. The jury was left to consider this statement on the essential issue of agency.

There was another ruling of the trial court to which defendant Jernigan noted exception and which we think prejudicial. Over objection plaintiffs' witness Joe Spruill was permitted to testify that on the night in question, before the accident, he heard defendant Austin say in response to a question, "I came over here for my boss man." As appears from the record, before ruling on the competency of this evidence, in the absence of the jury, the court stated, "I am going to admit it for two reasons: first, it goes to the credibility of Austin's testimony, and secondly, it goes to the question of agency." The defendant Jernigan objected and his exception was duly noted. As to defendant Jernigan this was a hearsay declaration of the agent to prove his agency and was incompetent. Stansbury, Sec. 169; *Parrish v. Manufacturing Co.,* 211 N.C. 7, 188 S.E. 817; *Howell v. Harris,* 220 N.C. 198, 16 S.E. 2d 829; *Commercial Solvents v. Johnson,* 235 N.C. 237, 69 S.E. 2d 716. While this evidence may have been competent to contradict Austin, and there appears no request of counsel that the court instruct the jury as to the particular aspect in which it might be considered, doubtless in view of the court's statement that he was admitting it to prove agency, we think the jury was permitted unrestricted consideration of this testimony which related to an essential feature of the case and was incompetent and prejudicial to the defendant Jernigan. Again in his charge to the jury the court stated as one of the contentions of the plaintiffs for the consideration of the jury, on the issue of defendant Jernigan's liability for the conduct of Austin, the testimony of this witness. *Howell v. Harris, supra.*

For the reasons herein set out, we think there should be a new trial, and it is so ordered.

The defendants in their assignments of error brought forward other exceptions based on exceptions noted, which they argued orally and by brief, but as there must be a new trial, we deem it unnecessary to discuss or decide them as they may not arise on another hearing.

New trial.

JOHNSON, J., not sitting.