HOME IMPROVEMENT FINANCING CORPORATION v. H. M. CUTHRELL
AND MATTIE M. CUTHRELL
AND
N. E. AYDLETT, TRUSTEE, ADDITIONAL DEFENDANT.

(Filed 14 October, 1959.)

1. Pleadings § 15—

     A plaintiff may demur to one or more defenses pleaded in an answer, but he may not divide a single affirmative defense and demur to only a part of the paragraphs setting forth such defense.

2. Cancellation and Rescission of Instruments § 8: Bills and Notes § 17—Demurrer to paragraphs of answer held properly overruled when they are but a part of allegations of defense of fraud.

FINANCING CORP. *v.* CUTHRELL.

Where, in an action on a note by the holder thereof to recover on the note and foreclose the deed of trust securing same, defendants allege that their signatures to the notes and deed of trust were procured by fraud and that plaintiff was not a holder in due course, plaintiff's demurrer to paragraphs of the answer on the ground that they failed to allege actual knowledge on the part of the plaintiff of defect in the title of the payee of the note, on the ground that usury was insufficient basis for the cancellation of the note, and on the ground that the answer did not show vitiating defect in the execution of the deed of trust, is properly overruled, since the failure of the answer to sufficiently allege defenses other than that of fraud is immaterial, and the paragraphs objected to being proper to state the particular facts constituted the alleged fraud and *scienter*.

**3. Pleadings § 31—**

Where it is determined that the allegations of an answer objected to are competent and relevant in alleging the defense of fraud and that demurrer thereto was properly overruled, it also follows that plaintiff's motion to strike such allegations is properly overruled.

HIGGINS, J., not sitting.

APPEAL by plaintiff from *Paul, J.,* at February, 1959 Term, of PASQUOTANK.

Civil action to recover judgment on a certain promissory note allegedly signed by defendants as makers for $4,173.10, with interest due and payable to Nationwide Construction Company, or order, and to foreclose a deed of trust to N. E. Aydlett, Trustee, on certain land in Shiloh Township, Camden County, North Carolina, executed by defendants as security for the payment of said note, all as alleged in the complaint.

Plaintiff alleges in its complaint (1) that it is the owner and holder of said note, and that no sum due thereunder has been paid, and that the entire amount of principal and interest is now due and unpaid after demand and payment refused; and (2) that it took the said note before its maturity, in good faith and for value, and without notice of any infirmity therein.

Defendants, H. M. Cuthrell and wife Mattie M. Cuthrell, answering, deny in material aspect the allegations of the complaint; and further answering the complaint and alleging new matter as a counterclaim they aver and say substantially the following: That their signatures to the note and deed of trust were obtained by fraud of Nationwide Construction Company, or its agents.

Upon trial in Superior Court the parties offered evidence tending to support their respective contentions. And the case was submitted to the jury on these issues, which were answered by the jury as indicated.

"1. Were the signatures of the defendants, H. M. Cuthrell and Mattie M. Cuthrell, to the note dated July 8, 1957, and the deed of trust, procured through the fraud of the agents of Nationwide Construction Company, as alleged in the answer? Answer: Yes.

"2. Is the plaintiff, Home Improvement Financing Corporation, a holder in due course of the note described in the complaint? Answer: No.

"3. If not, did Nationwide Construction Company breach its contract with the defendants, as alleged in the answer: Answer: Yes.

"4. In what amount, if any, are the defendants indebted to plaintiff? Answer: None."

Judgment was entered on and in accordance with the verdict. Plaintiff excepts thereto and appeals to Supreme Court, and assigns error.

*Small & Small for plaintiff, appellant.*
*LeRoy, Goodwin & Wells for defendants, appellees.*

WINBORNE, C. J.  Appellants set out in the record of case on appeal fifteen assignments of error based upon nineteen exceptions. Some of them merit special consideration which the Court now gives.

It is contended that the court erred in overruling plaintiff's demurrer to paragraphs 8, 9, 10, 11, 12, 13, 14, 15 and 16 of the answer as saved by Exception 1. Turning to record of demurrer of plaintiff and the additional defendant, it appears that (1) they "demur to the defense or counterclaim set out in paragraphs Eight through Fifteen of the answer for * * * that the answer fails to show that the plaintiff had actual knowledge of defect of title of Nationwide Construction Company to said note."

(2) "The new matter contained in paragraph sixteen of the answer of the defendants, H. M. Cuthrell and Mattie M. Cuthrell, and for cause of demurrer say that the answer on its face shows that a loan was not made on which a usurious rate of interest was charged or paid, and that the answer fails to show that the defendants have tendered in good faith any payment toward the principal sum due under the purchase contract."

And (3) "The defense or counterclaim set out in paragraph seventeen of the answer and for cause of demurrer say that the defense set out is without merit in that the statute does not invalidate a deed of trust executed in the manner set out in the answer." (Numbering supplied)

In this connection the plaintiff may demur to the defendant's answer if he thinks there is a defect which is subject to demurrer. G.S. 1-140, G.S. 1-141. Indeed plaintiff may demur to one or more de-

fenses pleaded in answer, but he may not divide a single affirmative defense and demur separately to paragraphs or sentences removed from context. *Erickson v. Starling,* 235 N.C. 643, 71 S.E. 2d 384.

Looking to the pleading challenged by the demurrer it is seen that it is based upon fraud. In such case it is not sufficient to allege this in a general way; but the particular facts constituting such fraud should be alleged with sufficient fullness and accuracy to apprise the opponent of what he is called on to answer. And in actual fraud the pleading must allege the essentials of the cause of action, which are "the representation, its falsity, *scienter,* deception, and injury. The representation must be definite and specific, materially false, made with knowledge of its falsity or in culpable ignorance of its truth, made with fraudulent intent, must be reasonably relied on by the other party and he must be deceived and caused to suffer loss." McIntosh's N. C. P. & P, Vol. 1, Sec. 990; *City of New Bern v. White,* decided contemporaneously herewith, and cases cited therein.

Now testing the sufficiency of the pleading to withstand the demurrer filed, this Court is of opinion that the ruling of the court below is correct. Consequently the ruling on the motion of plaintiff and additional defendant to strike the pleading to which demurrer was filed follows as a matter of course. See McIntosh N. C. P & P, Vol. 1, Sec. 1261. Hence appellant's second assignment of error is without avail.

Other assignments of error have been duly considered, and in them prejudicial error is not made to appear. Therefore in the judgment from which appeal is taken, there is

No error.

HIGGINS, J., not sitting.