JULIA C. KELLY, MINNIE V. McCLURE, INDIVIDUALLY, AND MINNIE V. McCLURE AS THE ADMINISTRATRIX OF THE ESTATE OF FLOYD McCLURE, DECEASED v. DILLARD G. DAVENPORT AND WIFE, CATHERINE H. DAVENPORT

No. 7026DC216

(Filed 6 May 1970)

**1. Courts § 11.1;   Jury § 1—   practice and procedure in district court — waiver of jury trial**

Under G.S. 7A-196 (prior to its amendment effective 1 January 1970), a party waived the right to a jury trial in the district court by failing to file a written demand for jury trial within 10 days after the entry of superior court judge's order transferring the cause to the district court.

**2. Courts § 11.1;   Jury § 1—   district court procedure — right to jury trial**

Even when the right to a jury trial is waived in the district court, the statutes permit, but do not require, the judge to submit the issues to a jury.

**3. Bills and Notes § 20—   action on note — sufficiency of evidence**

In an action on a promissory note, plaintiffs' evidence was sufficient to withstand defendants' motion for judgment of nonsuit, where the evidence tended to show that the indebtedness of $1200 was evidenced by a note secured by a deed of trust on two vacant lots; that the deed of trust had been foreclosed; and that the net proceeds from the foreclosure had been applied to the interest then due on the note, leaving a balance of $1200.

**4. Pleadings § 19—   demurrer to answer and defenses**

A plaintiff may demur to a defendant's further answers and defenses.

**5. Bills and Notes § 18—   action on note — demurrer to answer and defense**

In an action to recover on a promissory note, allegations in defendants' further answer and defense that the execution of the note was obtained by fraud, *held* demurrable.

**6. Sales § 17—   breach of warranty in sale of house — sufficiency of evidence**

Defendants' evidence was sufficient to be submitted to the jury in their counterclaim for breach of warranty in the sale of a house, where the evidence was to the effect that the house, which defendants purchased for $12,000, was not a new house; that its fair market value was only $10,700; that the house was not as represented, in that the enamel on the

bathtub had been broken, the bathroom floor was unlevel, the commode was improperly installed, and there were large cracks under the window-sill; and that plaintiff's intestate had promised to correct these deficiencies but did not do so.

**7. Appeal and Error § 59;     Trial § 58——     trial without jury — non-suit improperly granted — harmless error**

Ruling of the trial court in granting plaintiffs' motion for nonsuit on defendants' counterclaim, although improper under the facts of this case, *held* not prejudicial to defendant when the trial judge was sitting as the trier of fact, since the ruling amounted to a finding of fact and was tantamount to an answer to the issue in favor of the plaintiffs.

APPEAL by defendants from *Stukes, District Judge,* 29 September 1969 Session of District Court held in MECKLENBURG County.

Plaintiffs instituted this action on 23 January 1968 and allege in their amended complaint filed 21 March 1968 that defendants are indebted to them on a promissory note in the sum of $1,200.00 with interest thereon from 14 March 1964, with the sum of $103.43 realized from the foreclosure sale under a deed of trust of two vacant lots to be deducted from the amount of interest due.

Defendants, in their answer filed 20 August 1968, deny the material allegations of the complaint and, in the first further answer and defense, attempt to allege that the execution of the note was obtained by fraud. In a second further answer and defense, defendants assert that plaintiffs are indebted to them in the sum of $1,-380.00 for breach of warranty in the sale of a house by plaintiffs to defendants. In a third further answer and defense, the defendants allege that the value of the lots foreclosed was in excess of the amount received at the foreclosure sale and that they are entitled "by way of offset the value of said lots at the time of said fore-closure sale and pursuant to G.S. 45-21.36."

Trial was by the judge, without a jury, and from the judgment that the plaintiffs have and recover of the defendants the sum of $1,096.50, plus interest thereon from 14 March 1964, the defendants appealed to the Court of Appeals.

*Lindsey, Schrimsher & Erwin by Fenton T. Erwin, Jr., for plaintiff appellees.*

*Don Davis for defendant appellants.*

MALLARD, C.J.

Defendants assign as error the failure of the court to grant their motions for a trial by jury.

District courts were established in Mecklenburg County, which is in the Twenty-Sixth Judicial District, on the first Monday in December 1968. G.S. 7A-41; G.S. 7A-131. Under date of 2 December 1968, which was the first Monday in December 1968, Judge Fred H. Hasty, who was the Senior Resident Superior Court Judge of the Twenty-Sixth Judicial District, issued an order pursuant to the provisions of G.S. 7A-259(b) transferring this case to the District Court Division for trial. The date of filing of Judge Hasty's order is not shown on the record. However, we assume that it was filed promptly on the date thereof. There is no objection or exception in the record to the issuance of this order by Judge Hasty.

G.S. 7A-259(b) provides that when a district court is established in a district, any superior court judge may on his own motion transfer to the district court cases pending in the superior court, providing that the requirements of G.S. 7A-259(a) are complied with. In this case, absent objection and exception to the order, we assume that the provisions of G.S. 7A-259(a) were complied with. This section includes giving prompt notice to the parties when the transfer is effected.

The statute in effect at the time this suit was instituted in the Superior Court of Mecklenburg County provided that district courts would be established in such county on the first Monday in December 1968, and the defendants are chargeable with notice thereof.

Defendants, in their brief, refer to G.S. 7A-196 as it was after it was amended in 1967. This amendment did not become effective until 1 January 1970. See Chapter 954 of 1967 Session Laws and Chapter 803 of 1969 Session Laws.

[1] The right to a jury trial in civil cases such as this in the District Court of Mecklenburg County, after the court's establishment on the first Monday in December 1968, was controlled by G.S. 7A-196 as it was written prior to being amended by Chapter 954 of the 1967 Session Laws. Under the applicable provisions of G.S. 7A-196, as then written, a party waived the right to a trial by jury by failing to file a written demand in the office of the clerk of superior court "after the commencement of the action and not later than 10 days after the filing of the last pleading directed to the issue, or after the entry of an order transferring the cause to the district court division, whichever occurs first." The filing of the last pleading herein was on 18 March 1969. The order transferring the cause to the

district court is dated 2 December 1968. The defendants did not file a written demand for a jury trial until 27 January 1969. This demand came too late to be allowed as a matter of right because it was not made within ten days after the entry of Judge Hasty's order transferring this cause to the district court. The trial judge did not commit error in holding that the defendants had waived their right to a trial by jury.

[2]    Defendants contend that the trial judge abused his discretion by failing to allow their motion for a trial by jury made at the time the case was called for trial. Even when parties waive their right to a trial by jury, as was done in this case, the statutes permit, but do not require, the judge to submit the issues to a jury. However, we do not think the judge abused his discretion in failing to submit the issues to a jury.

[3]    The plaintiffs offered evidence which tended to show that the defendants were indebted to them in the sum of $1,200.00 plus interest; that this was evidenced by a note secured by a deed of trust on two vacant lots; that the deed of trust had been foreclosed; and that the net proceeds of $103.43 from the foreclosure had been applied to the interest then due on the note, leaving a balance due of $1,200.00.

The defendants alleged and offered evidence that they purchased a new house and lot from the plaintiffs and their husbands for the sum of $12,000.00. This was to be paid by $2,300.00 cash, a note for $144.00 payable in two annual installments of $72.00 each, a credit of $1,056.00 for a deed for the two lots described in the alleged deed of trust, and the proceeds from a $8,500.00 loan from the Mutual Savings and Loan Association of Charlotte, North Carolina.

There was ample evidence to withstand the defendants' motion for judgment of nonsuit, and the judge did not commit error in the denial thereof.

Defendants' third assignment of error is to the action of the trial court in sustaining plaintiffs' demurrer *ore tenus* to the first further answer and defense. The record does not reveal whether the plaintiff had finished offering evidence when defendants interposed a motion for judgment as of nonsuit which the judge correctly overruled. However, the record reveals that immediately thereafter plaintiffs' counsel demurred *ore tenus* to the "First Further Answer and Defense," to the "Second Further Answer and Defense," and to the "Third Further Answer and Defense." The court sustained the first demurrer, and at that time denied the other two demurrers.

**[4]** A plaintiff may demur to a defendant's further answers and defenses. The first further answer and defense challenged here attempts to allege fraud. The rule with respect to a proper allegation thereof is set out by Chief Justice Winborne in the case of *Financing Corp. v. Cuthrell,* 251 N.C. 75, 110 S.E. 2d 484 (1959), as follows:

"Looking to the pleadings challenged by the demurrer it is seen that it is based upon fraud. In such case it is not sufficient to allege this in a general way; but the particular facts constituting such fraud should be alleged with sufficient fullness and accuracy to apprise the opponent of what he is called on to answer. And in actual fraud the pleading must allege the essentials of the cause of action, which are 'the representation, its falsity, *scienter,* deception, and injury. The representation must be definite and specific, materially false, made with knowledge of its falsity or in culpable ignorance of its truth, made with fraudulent intent, must be reasonably relied on by the other party and he must be deceived and caused to suffer loss.' * * * "

**[5]** Applying the foregoing rule to the pleadings in this case, we are of the opinion and so hold that the court was correct in sustaining the demurrer to the first further answer and defense.

**[6]** After the defendants had offered evidence and rested, the plaintiffs moved for judgment as of nonsuit of defendants' "Second Further Answer and Defense." Defendants excepted and assigned as error the ruling of the trial judge allowing the motion. In the second further answer and defense, the defendants had asserted a counterclaim for an alleged breach of warranty. There was some evidence offered by the defendants that the house they purchased from the plaintiffs was not a new house; that its fair market value was only $10,700; that it was not as represented, in that, the enamel on the bathtub had been broken, the bathroom floor was unlevel, the commode was not properly installed, and there were large cracks under the windowsill; and that plaintiff McClure's intestate promised to correct these deficiencies but did not do so.

In ruling on plaintiffs' motion for nonsuit, the court said:

"The court is of the opinion that there is insufficient evidence to sustain the allegations of the defendants in their Second Further Answer and Defense, pertaining to breach of warranties and the Motion to Nonsuit the Second Further Answer and Defense is allowed."

**[7]** This action of the judge in allowing the motion for judgment

of nonsuit was improper. However, conceding that there was sufficient evidence to require submission to a jury of an issue on breach of warranty, the allowance of the motion for nonsuit, under these circumstances, was not prejudicial error. The court was sitting as the trier of the facts. After all the evidence was in, the court ruled that the evidence was not sufficient to support a breach of warranty. This, we think, amounts to a finding of fact and is tantamount to an answer to the issue in favor of plaintiffs.

The defendants also except to and assign as error the following findings of fact as set out in the judgment:

"1. That on or about the 14th day of March, 1962, the defendants executed a certain promissory note in the original principal amount of $1,200.00 payable to plaintiffs, and their predecessors in interest as alleged in the complaint.

2. That after all sums which have been paid and credited upon said note there remains a balance owed plaintiffs by defendants of $1,096.50 plus interest as set out in said note from and after March 14, 1964."

There was ample evidence to sustain the findings of fact, and the defendants' exceptions thereto are overruled.

Defendants make other assignments of error based upon other exceptions taken. We have carefully examined all of them and are of the opinion and so sold that no prejudicial error is made to appear.

Affirmed.

MORRIS and VAUGHN, JJ., concur.