THERMO-INDUSTRIES OF CHARLOTTE, INC. v. TALTON
CONSTRUCTION COMPANY, INC.

No. 7010DC215

(Filed 15 July 1970)

1. **Trial § 56; Jury § 1— action instituted in superior court — right to jury trial**

    Defendant was entitled to a trial by jury in a civil case originally instituted in the superior court unless jury trial was waived or the facts of the controversy were not in dispute.

2. **Courts § 11.1; Jury § 1; Trial § 56— civil action in district court — necessity for demanding jury trial**

    Under G.S. 7A-196 (prior to its amendment effective 1 January 1970), the right to jury trial in a civil action in the district court is available upon written demand made within 10 days after the filing of the last pleading directed to the issue or after entry of an order transferring the cause to the district court, whichever occurs first.

3. **Courts § 11.1; Jury § 1; Trial § 56— transfer of case from superior court to district court — failure to notify defendant — demand for jury trial — denial of right to jury trial**

    Defendant was denied its constitutional right to a jury trial where the action was transferred from the superior court division to the district court division without notice to defendant, so that defendant made no demand for jury trial in the district court within the time allowed by statute, and the district court subsequently denied defendant's demand for a jury trial.

APPEAL by defendant from *Barnette, J.,* 8 December 1969 Session, WAKE District Court.

This is a civil action commenced in the Superior Court of Wake County on 3 March 1966 by issuance of a summons and by the filing of a complaint. On 16 November 1966 defendant filed an amended answer to the complaint.

District Courts were established within the Tenth Judicial District, which includes Wake County, on 1 December 1968. On 2 December 1968 Superior Court Judge McKinnon signed an Order transferring this case from the Superior Court Division to the District Court Division of the General Court of Justice. The Order of Judge McKinnon was filed 13 December 1968. Defendant received no notice of Judge McKinnon's Order or of the transfer.

The case was calendared for trial before Judge Barnette at the 8 December 1969 non-jury Civil Session of the District Court

of Wake County. Defendant, upon receipt of a calendar notice, objected to setting the case for a non-jury term and on 18 November 1969 filed a demand for a jury trial. When the case came on for trial defendant renewed his demand for a jury trial and moved the court to continue the case until the next jury term of the District Court.

After hearing defendant's demand for a jury trial and motion to continue the case, Judge Barnette denied said demand and motion. Defendant then moved the court in its discretion to order a trial by jury which motion was denied.

The case proceeded to trial before Judge Barnette who answered the issues in favor of the plaintiff. Defendant appeals.

*White, Hooten & White, by John R. Hooten, for appellant.*

*Seawell & Friedberg, by Edwin P. Friedberg, for appellee.*

BROCK, J.

[3]  Appellant contends that the transfer of this case from the Superior Court Division to the District Court Division in the General Court of Justice without giving appellant prompt notice of the effecting of said transfer and the subsequent denial of appellant's demand for a jury trial constituted a denial of his right under the Constitution of North Carolina to trial by jury. We agree.

[1, 2]  This case being originally instituted in the Superior Court of Wake County, appellant was entitled to a trial by jury unless jury trial was waived or the facts of the controversy were not in dispute. *Sullivan v. Johnson,* 3 N.C. App. 581, 165 S.E. 2d 507. With the implementation of the District Court Division in Wake County, the right to a jury trial is available to litigants upon demand and such demand must be made in writing at any time after the commencement of the action and not later than 10 days after the filing of the last pleading directed to the issue or after the entry of an order transferring the cause to the District Court Division, whichever occurs first. G.S. 7A-196. (Prior to amendment effective 1 January 1970.)

[3]  Obviously, where one of the parties has no notice of the entry of an order transferring his case from the Superior Court to the District Court, he is not on notice to demand a jury trial to prevent a statutory waiver. All of the evidence in the record

shows that appellant was not notified of the Order transferring his case from the Superior Court to the District Court; therefore, we are of the opinion that appellant was denied his constitutional right to trial by jury. *Kelly v. Davenport,* 7 N.C. App. 670, 173 S.E. 2d 600.

New Trial.

BRITT and HEDRICK, JJ., concur.