WENDELL TRACTOR & IMPLEMENT COMPANY, INC. v. F. W. LEE

No. 7010DC464

(Filed 21 October 1970)

1. **Courts § 11.1; Jury § 1— procedure in district court — waiver of jury trial**
    Under G.S. 7A-196 prior to its amendment effective 1 January 1970, defendant is deemed to have waived his right of trial by jury in the district court, where his case was transferred to the district court from the superior court on 2 December 1968 and the defendant did not file a request for a jury trial until 26 March 1970.

2. **Evidence § 31— action on note — best evidence rule**
    In an action to recover on a promissory note, defendant was not entitled to cross-examine plaintiff's witnesses concerning the terms of

a chattel mortgage which defendant had executed as security for the note, since the chattel mortgage had already been admitted in evidence and was the best evidence of its contents.

3. **Principal and Agent § 4; Evidence § 36— proof of agency — admissions by agent**

In an action on a promissory note, testimony by plaintiff's president was admissible to show that he was acting as the agent of an equipment finance company when he took possession of defendant's property under the terms of the chattel mortgage securing the note.

4. **Judgments § 35— action on note — plea of former action**

In an action on a promissory note, there was no merit to defendant's contention that the action was barred because of a former action brought by defendant against the plaintiff in a justice of the peace court, since there was evidence that the action in the justice of the peace court arose out of a mistaken issuance of summons against the defendant and that a voluntary nonsuit was entered in the action when the mistake was discovered.

5. **Trial § 10— remarks of trial court — consideration of testimony — harmless effect**

The defendant was not prejudiced by the trial court's remark, made upon tender of rebuttal witnesses by plaintiff, that his decision would not be affected by the witnesses' proposed testimony, where the proposed testimony was designed solely to rebut defendant's testimony which, if taken as true, could not have legally affected any of the rights of the parties in the case.

APPEAL by defendant from *Ransdell, District Judge,* 26 March 1970 Session of WAKE County District Court.

This civil action to recover on a promissory note under seal was instituted in Wake County Superior Court. Upon the establishment of district courts in the Tenth Judicial District, which includes Wake County, the case was transferred to the District Court Division where it was tried by the court without a jury. Judgment was rendered for the plaintiff and defendant appealed.

*Johnson and Gamble by Richard O. Gamble for plaintiff appellee.*

*E. V. Wilkins and L. Austin Stevens for defendant appellant.*

GRAHAM, Judge.

[1] Defendant first assigns as error the court's refusal to allow his motion for a trial by jury. The record indicates that the case was transferred from the Superior Court Division to

the District Court Division of the General Court of Justice on 2 December 1968, pursuant to G.S. 7A-259. There is no showing in the record that defendant did not receive proper notice of the order of transfer. "[A]bsent objection and exception to the order [of transfer], we assume that the provisions of G.S. 7A-259(a) were complied with. This section includes giving prompt notice to the parties when the transfer is effected." *Kelly v. Davenport,* 7 N.C. App. 670, 173 S.E. 2d 600.

Defendant filed no request for a jury trial until 26 March 1970, the day of the trial. Under G.S. 7A-196 (prior to amendment effective 1 January 1970) a party waived the right of trial by jury by failing to file a written demand in the office of the Clerk of the Superior Court "after the commencement of the action and not later than 10 days after the filing of the last pleading directed to the issue, or after the entry of an order transferring the cause to the District Court Division, whichever occurs first." Defendant's request was obviously not timely, and as a result he is deemed to have waived his right of trial by jury.

G.S. 7A-196, as amended effective 1 January 1970, now provides that in all civil cases in the district court there shall be a right of trial by jury in conformity with Rules 38 and 39 of the Rules of Civil Procedure. Rule 38(b), which also became effective 1 January 1970, provides: "Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be made in the pleading of the party or endorsed on the pleading." Defendant contends that his request for a jury trial, as set forth in his motion, was within the time allowed under Rule 38(b) because he was permitted to file an amendment to his answer on the day of the trial. Even if defendant's amendment could be considered a "pleading directed to the issue," which we do not here decide, it is of no avail, because the statutory waiver had occurred before the effective date of the amendment to G.S. 7A-196 and Rule 38(b). This assignment of error is overruled.

[2] Defendant contends through his second assignment of error that the court erred in refusing to permit his counsel to cross-examine one of plaintiff's witnesses concerning the terms of a chattel mortgage which had previously been received into

Tractor  &  Implement  Co.  v.  Lee

evidence. Defendant had executed and delivered the chattel mortgage to the plaintiff as security for the payment of the note
which is the subject of this suit. He sought to show by cross-
examination that the terms of the chattel mortgage called for a
public sale, and that the plaintiff had taken possession of certain
of the property security and sold it at a private sale. This assignment of error is overruled. In the first place, the chattel mortgage had already been admitted into evidence at the time objections to defendant's questions concerning its terms were sustained. "A writing itself is the best evidence of its contents, and
ordinarily the original writing itself is the only evidence admissible to prove its contents." 3 Strong, N.C. Index 2d, Evidence, § 31, p. 646, and cases therein cited. Secondly, all of the
evidence tended to show that plaintiff had taken possession of
the property as agent for Commercial Credit Equipment Corporation (Commercial Credit) pursuant to a chattel mortgage executed and delivered by defendant to secure the payment of an
account with that company. Under the terms of that particular
chattel mortgage, the property could be sold at private sale. The
evidence also indicated that none of the proceeds of the sale
was applied toward payment of defendant's debt to plaintiff.
We further note that the defendant was permitted broad latitude
in the cross-examination of plaintiff's witnesses with respect to
the sale of the property.

[3]   Defendant next contends that the court should have sustained his objection to testimony by plaintiff's president that
he was acting as agent for Commercial Credit in taking possession of certain of defendant's property. We do not agree. It is
true, as defendant points out, that "agency or the extent of the
authority must be established by evidence *aliunde* and cannot
be established by the admissions or even the sworn pleadings of
the agent." 3 Strong, N.C. Index 2d, Evidence, § 36, p. 662;
*Brothers v. Jernigan,* 244 N.C. 441, 94 S.E. 2d 316. However,
here the evidence was offered under oath at the trial. The correct
rule as to the admissibility of such evidence is set forth in *Mathis
v. Siskin,* 268 N.C. 119, 150 S.E. 2d 24:

> "While extra judicial declaration of a purported agent are
> not admissible to show the existence of the agency or the
> extent of his authority to contract, the alleged agent is com
> petent to testify that the agency existed, that he was au
> thorized by the principal to make the contract in question,
> and that in making it he was acting as such agent in the

principal's behalf. *Sealey v. Insurance Co.*, 253 N.C. 774, 117 S.E. 2d 744."

[4]   In defendant's further answer and defense it is alleged that this action is barred because of a former action brought by defendant against plaintiff in a justice of the peace court. Defendant contends here that the evidence offered on this question compelled a finding by the court that this action was barred. We do not agree. The note sued on here was originally for $2,411. The sum of $1340.80 was alleged to be due and owing. The suit in justice court was for an account of $120. Plaintiff's evidence tended to show that the suit in justice court was against T. W. Lee, rather than defendant, who is F. W. Lee. Summons was mistakenly issued against F. W. Lee. When the mistake was discovered a voluntary nonsuit was entered. This evidence supports the court's finding "that the plaintiff has not previously instituted an action against the defendant on account of the matters alleged in the amended complaint in this action."

Defendant contends that the court should have made a finding as to the value of the property picked up and sold by plaintiff, citing G.S. 45-21.36. The necessity of such a finding was precluded by the following finding which is supported by competent evidence:

"5.   That Commercial Credit Equipment Corporation, after default on the purchase agreement or conditional sales contract, picked up the three (3) tractors included therein, together with other equipment; that employees of the plaintiff assisted Commercial Credit Equipment Corporation in picking up the equipment, which Commercial Credit Equipment Corporation then left in the custody of the plaintiff; that all of the tractors and equipment have been sold by Commercial Credit Equipment Corporation except one (1) rotary cutter now located at the plaintiff's place of business; and that no part of the proceeds of sale of such tractors or equipment was applied to the debt owing by the defendant to the plaintiff, and the defendant is not entitled to have any part of the proceeds of sale applied to such debt."

[5]   Defendant offered testimony to show that an employee of plaintiff stated at the time defendant's equipment was taken under the Commercial Credit chattel mortgage "that when they got the equipment that would be the end of it." Also, that the "Commercial Credit man" and "two other fellows" told defendant

that they were cleaning him out and that he could start over again. At the conclusion of defendant's evidence, plaintiff tendered witnesses for the purpose of rebutting this testimony. The court remarked that the proposed testimony by these witnesses that no such statements were made would not affect his decision. Defendant says this was error. We fail to see that the trial court was obligated to listen to testimony designed solely to rebut statements which, if taken as true, could not have legally affected any of the rights of the parties in this case. The court, nevertheless, permitted defendant to cross-examine the tendered witnesses. In our opinion the defendant was not prejudiced in any way by the court's statement.

We have reviewed all of defendant's assignments of error and conclude that the trial was free from prejudicial error and that the judgment entered is supported by findings based upon competent evidence.

No error.

Judges BROCK and MORRIS concur.