FORD MOTOR CREDIT COMPANY v. HENRY A. HAYES AND NORA ELLEN HAYES

No. 7118DC105

(Filed 24 February 1971)

Courts § 11.1; Jury § 1— district court — right to jury trial

Defendants were entitled to a jury trial in the district court where their demand for jury trial was contained in their answer at the time the case was transferred to the district court from the superior court. G.S. 7A-135; G.S. 7A-196.

APPEAL by defendants from *Kuykendall, District Judge,* 18 September 1970 Session of GUILFORD District Court.

Plaintiff commenced this civil action on 28 June 1968 in the Greensboro Municipal-County Court seeking to recover $636.67 alleged to be due from defendants on an automobile retail installment contract. After obtaining an extension of time to plead, defendants filed answer on 19 August 1968 denying certain material allegations in the complaint and alleging an affirmative defense. In the prayer for relief in their answer, defendants asked for a jury trial.

District courts were established in the Eighteenth Judicial District, which comprises Guilford County, on 2 December 1968. G.S. 7A-131(2). On the same date the resident superior court judge of the Eighteenth Judicial District signed and filed an order transferring this case to the district court. G.S. 7A-135.

The case was calendared for trial before District Judge Kuykendall at the 12 January 1970 non-jury session of the District Court of Guilford County. Upon receipt of the calendar, defendants' attorney wrote a letter to plaintiff's attorneys, sending a copy to Judge Kuykendall, in which he called attention to the fact that defendants had requested a jury trial in the prayer for relief in their answer, and asked that the case be removed from the non-jury calendar. Judge Kuykendall treated this letter as a motion for a jury trial and on 13 January 1970 entered an order "in the discretion of the Court, that the defendants' motion for jury trial shall be and the same is hereby denied."

The case was tried by the judge, without a jury, at the 14 September 1970 non-jury session of Guilford District Court,

and on 18 September 1970 District Judge Kuykendall entered judgment making findings of fact, conclusions of law, and adjudging that the plaintiff recover of the defendants the sum of $350.00 and the costs of this action. Defendants appealed, assigning as error the refusal of the court to grant them a trial by jury.

*Jordan, Wright, Nichols, Caffrey & Hill by G. Marlin Evans and Mickey A. Herrin for plaintiff appellee.*

*Ottway Burton for defendant appellants.*

PARKER, Judge.

The right to trial by jury in civil cases in the district court is preserved by G.S. 7A-196 provided timely demand is made in one of the ways authorized by statute. Both before and after the amendment which became effective 1 January 1970, the demand was timely if made in writing not later than ten days after the filing of the last pleading directed to the issues, and one authorized method of making the demand was by endorsement on the pleading of the party. The last pleading directed to the issues in this case was the defendants' answer in which they included the demand for trial by jury. This demand was in the answer at the time the case was transferred to the district court and remained in the answer at all times thereafter. Defendants having made timely demand in a manner authorized by statute, it was error for the district judge to deny them a jury trial.

*Kelly v. Davenport*, 7 N. C. App. 670, 173 S.E. 2d 600, and *Tractor & Implement Co. v. Lee*, 9 N. C. App. 524, 176 S.E. 2d 854, cited by appellee, are not controlling. In neither of those cases was any request for a jury trial made in the pleadings. Nor do we agree with appellee's further contention that because the act governing the procedures in the Greensboro Municipal-County Court, Chap. 971 of the 1955 Session Laws, provided that there should be no jury trials in that court, the request for a jury trial contained in defendants' answer must be treated as a nullity for all purposes. The demand for a jury trial was in fact contained in the answer and was present in the answer when the case was transferred to the district court. The entire answer, including the demand for jury trial, was one of the records of the Greensboro Municipal-County Court which

was transferred to the office of the clerk of superior court pursuant to G.S. 7A-135. Thus, at the very instant the case became pending in the district court, defendants' written demand for jury trial was on file in the office of the clerk of superior court as a part of the record in the case. No further filing of a demand for jury trial was required.

For the error of the court in denying defendants a jury trial, they are entitled to a

New trial.

Chief Judge MALLARD and Judge GRAHAM concur.