FAYETTEVILLE AVIATION, INC. v. INSURANCE COMPANY OF NORTH AMERICA

No. 7312SC622

(Filed 10 October 1973)

1. Evidence § 31— status of student pilot — best evidence rule — oral testimony inadmissible

In an action to recover on an aircraft insurance policy, the trial court did not err in refusing to allow a witness to testify as to a student pilot's status since the best evidence rule governed, and the "Student Pilot Certificate," a paper writing with specific language and endorsements thereon indicating the status of the student pilot, was the best evidence of the matter sought to be proved.

2. Insurance § 6— construction of policy language — no ambiguity

The trial court did not err in its construction of the endorsement of an aircraft insurance policy in question where there was no ambiguity in the endorsement and the court gave the language its ordinary meaning.

APPEAL by plaintiff from *Brewer, Judge,* 26 March 1973 Session of Superior Court held in CUMBERLAND County.

This is a civil action wherein plaintiff, Fayetteville Aviation, Inc., seeks to recover $12,000 on an aircraft insurance policy issued by defendant, Insurance Company of North America.

Defendant filed answer alleging that plaintiff was precluded from recovery by Endorsement No. 7 on the insurance policy, which provides coverage for the aircraft only when the command pilot may be classified as:

"Any pilot with at least a private license who is properly certificated and rated for the flight and the aircraft, and who has logged a minimum of 100 hours as pilot-in-command of which not less than 20 hours have been logged in like type gear, equal

or greater horsepower and equal or greater seating capacity aircraft

OR

Any pilot who holds a valid student certificate and is under the direct supervision of a properly certificated flight instructor employed by the named insured providing the student pilot has the specified approval of the instructor for solo flight, and providing his student certificate has been properly endorsed for the make and model aircraft involved.

OR

Any pilot with at least a private license who is a Graduate of the Named Insured's flight training school who is properly certificated and rated for the flight and the aircraft and approved by the Name Insured."

All parties having stipulated that this case might be heard without a jury, the defendant, after plaintiff's presentation of his evidence, moved for an involuntary dismissal pursuant to G.S. 1A-1, 41(b) of the Rules of Civil Procedure. This motion having been granted, the court made findings of fact which except where quoted are summarized as follows:

Plaintiff was the owner of a 1968 Cessna 182 airplane which was specifically covered by an aircraft insurance policy (containing Endorsement No. 7) issued and delivered to the plaintiff by the defendant. On 21 February 1970, this airplane, while being piloted by one Martin E. Middleton, crashed; and the plaintiff sustained property damage.

"On February 21, 1970, Pilot Martin E. Middleton had a total of 51.2 hours as pilot in command for any aircraft and 3.8 hours as pilot in command of a Cessna 182 and 9.8 total hours in like type gear, equal or greater horsepower and equal or greater seating capacity aircraft."

"On February 21, 1970, Pilot Martin E. Middleton held a private license."

"On February 21, 1970, Pilot Martin E. Middleton was a student of the named insured attempting to secure a commercial pilot certificate and on February 21, 1970, was under the direct supervision of a properly certificated flight instructor employed by the named insured and had the specific approval of said instructor for the solo flight in question."

Based on the foregoing findings of fact, the court made the following relevant conclusion of law:

> "On February 21, 1970, Pilot Martin E. Middleton did not qualify under any of the provisions of Endorsement No. 7 of the policy herein involved, and, therefore, the Court concludes as a matter of law that coverage under said policy did not apply to the Cessna 182 aircraft and the damage sustained by the Plaintiff as a result of the crash of the Cessna 182 aircraft on February 21, 1970, while being piloted by Martin E. Middleton."

From a judgment of involuntary dismissal, the plaintiff appealed.

*McCoy, Weaver, Wiggins, Cleveland & Raper by Richard M. Wiggins and Alfred E. Cleveland for plaintiff appellant.*

*Anderson, Nimocks & Broadfoot by Henry L. Anderson, Jr., for defendant appellee.*

HEDRICK, Judge.

[1] Plaintiff first assigns as error the refusal of the trial court to allow Ronald Lee Peters to testify that he knew that Martin E. Middleton had a Student Pilot's Certificate when he enrolled at Fayetteville Aviation, Inc. Admission or exclusion of this testimony is governed by the best evidence rule. This rule is predicated upon the premise that "a writing itself is the best evidence of its contents, and ordinarily the original writing itself is the only evidence admissible to prove its contents." 3 Strong, N. C. Index 2d, Evidence, Sec. 31, p. 646; *Wendell Tractor & Implement Company, Inc. v. Lee,* 9 N.C. App. 524, 176 S.E. 2d 854 (1970). A "Student Pilot Certificate" is a paper writing with specific language and endorsements thereon indicating the status of the student pilot, and, unless its production is excused, it must remain the best evidence of the matter sought to be proved. Plaintiff contends that the best evidence rule has no application in this instance because the writing is only collaterally involved. We are unable to agree with this position, because "(w)here the writing embodies a contract or other transaction between the parties to the action, and it forms the basis of the cause of action or defense, clearly it is not collateral and the best evidence rule applies." Stansbury, N. C. Evidence, Brandis Revision, Vol. 2, Sec. 191, p. 104. This assignment of error is overruled.

[2] The plaintiff next maintains that the court committed error in its construction of Endorsement No. 7 of the aircraft insurance policy. Plaintiff asserts that any ambiguities and uncertainties in an insurance policy must be construed in favor of the insured and that insurance policies prepared by the insurer will be liberally construed in favor of the insured. While we recognize the soundness of these rules, See Couch on Insurance, 2d Ed., Vol. 1, Sec. 15:73, pp. 776-781; *Fireman's Fund Insurance Co. v. N. C. Farm Bureau Mutual Insurance Co.,* 269 N.C. 358, 152 S.E. 2d 513 (1966), it is an equally well-known and accepted tenet that the language of a contract must be given its ordinary meaning in the absence of ambiguity. Appleman, Insurance Law and Practice, Vol. 13, Sec. 7428, p. 137. A careful perusal of Endorsement No. 7 yields the conclusion that there is no ambiguity present. "Ambiguity in the terms of an insurance policy is not established by the mere fact that the plaintiff makes a claim based upon a construction of its language which the company asserts is not its meaning. * * * If (ambiguity) is not (present) the court must enforce the contract as the parties have made it and may not under the guise of interpreting an ambiguous provision, remake the contract and impose liability upon the company which it did not assume and for which the policyholder did not pay." *Wachovia Bank and Trust Co. v. Westchester Fire Insurance Co.,* 276 N.C. 348, 172 S.E. 2d 518 (1970). Thus, this assignment of error is without merit.

The judgment appealed from is affirmed.

Judges CAMPBELL and MORRIS concur.