STATE OF NORTH CAROLINA v. JAMES FRANKLIN EDWARDS

No. 763SC1040

(Filed 18 May 1977)

**Criminal Law § 95.1— evidence admissible for restricted purpose — failure to give limiting instruction — no error**

The trial court did not err in failing to instruct the jury that evidence objected to was being admitted only as corroborative evidence, since defendant made only a general objection to the introduction of the testimony and did not request a limiting instruction.

APPEAL by defendant from *Martin (Harry C.), Judge.* Judgment entered 22 July 1976 in Superior Court, CRAVEN County. Heard in the Court of Appeals 10 May 1977.

Defendant was indicted for possession with the intent to sell and for the sale of phencyclidine, a controlled substance included in Schedule III of the North Carolina Controlled Substances Act. The defendant entered a plea of not guilty.

The State presented Martha Owens, an undercover SBI agent, who testified that a confidential informant introduced her to the defendant on the afternoon of 14 February 1976. When she informed the defendant that she was looking for some hard drugs, he left and shortly returned with a plastic bag containing several aluminum foil packets. Owens purchased two of the packets for $20 from the defendant and turned the packets over to Adcox, another SBI agent, later that afternoon.

Adcox testified that he met with Martha Owens on the afternoon of 14 February 1976. The defendant interposed a general objection when Adcox attempted to testify as to what Owens had told him on that occasion. At the time of defendant's objection, the district attorney asserted that he was offering the evidence for the purpose of corroboration. The trial judge, without additional comment, then overruled the defendant's objection. Adcox then proceeded to testify as to the statements Owens had made to him concerning her purchase of drugs and concerning the circumstances of the purchase.

The defendant chose not to introduce any evidence. The jury then returned a guilty verdict on both counts and defendant was given a combined sentence of three years. Defendant appealed.

*Attorney General Edmisten, by Special Deputy Attorney General William A. Raney, Jr., for the State.*

*John H. Harmon, for the defendant.*

MARTIN, Judge.

Defendant assigns as error the trial court's failure to give limiting instructions as to portions of Agent Adcox's testimony relating to his meeting with Agent Owens. He contends that the trial judge committed prejudicial error in not instructing the

jury that the evidence objected to was being admitted only as corroborative evidence. We disagree.

Agent Adcox's statements regarding what Agent Owens told him on the day in question were clearly admissible to corroborate Owens' version of the transaction involving the defendant. Moreover, the record reveals that the defendant made only a general objection to the introduction of the testimony and did not request a limiting instruction. In North Carolina, it is clearly settled that when evidence competent only for one purpose and not for another is offered, it is incumbent upon the objecting party to request the court to give limiting instructions. *State v. Lankford,* 31 N.C. App. 13, 228 S.E. 2d 641 (1976). Absent such a request, a judge is not required to give such instructions and his failure to do so is not error. *State v. Bryant,* 282 N.C. 92, 191 S.E. 2d 745 (1972), *cert. den.* 410 U.S. 958, 35 L.Ed. 2d 691, 93 S.Ct. 1432 (1973) ; *State v. Lankford, supra; State v. Spain,* 3 N.C. App. 266, 164 S.E. 2d 486 (1968).

We note that defendant has cited *Brothers v. Jernigan* and *Skinner v. Jernigan,* 244 N.C. 441, 94 S.E. 2d 316 (1956) in making his argument that the judge here should have instructed the jury on corroborative evidence even in the absence of a request for such an instruction. The *Jernigan* case is, however, clearly distinguishable from the case at bar because there the trial judge made an erroneous statement concerning the admissibility of evidence. The trial judge in the instant case made no comment at all other than to overrule defendant's objection.

Defendant's assignment of error is overruled.

Defendant received a fair trial free from prejudicial error.

No error.

Judges BRITT and PARKER concur.