UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

AVEMCO INSURANCE COMPANY,
Plaintiff-Appellee,

v.

SUSAN H. DOERING, Administratrix
of the Estate of James Harold

Doering; GLENDA W. CUTHRELL,
Executrix of the Estate of Wilford
Rubin Cuthrell, Jr.; DIANNE T.
SWARINGEN, Executrix of the Estate
of Charles Edward Swaringen, Jr.,
Defendants-Appellants.

No. 98-1891

Appeal from the United States District Court
for the Eastern District of North Carolina, at Greenville.
Malcolm J. Howard, District Judge.
(CA-97-103-4-H)

Argued: March 5, 1999

Decided: March 25, 1999

Before HAMILTON and MOTZ, Circuit Judges, and
SMITH, United States District Judge for the Eastern District of
Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Albert Charles Ellis, WARD & SMITH, P.A., Greenville,
South Carolina, for Appellants. Kevin Walter Benedict, MAUPIN,

TAYLOR & ELLIS, P.A., Raleigh, North Carolina, for Appellee. **ON BRIEF:** Teresa DeLoatch Bryant, WARD & SMITH, P.A., Greenville, South Carolina; Benjamin Glenn Alford, HENDERSON, BAXTER & ALFORD, P.A., New Bern, North Carolina, for Appellants. M. Keith Kapp, MAUPIN, TAYLOR & ELLIS, P.A., Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Avemco Insurance Company brought this diversity declaratory judgment action against Susan Doering, Glenda Cuthrell, and Dianne Swaringen as representatives of the estates of their deceased husbands, who died in the crash of an airplane that Avemco insured (collectively "the Estates"). Avemco alleged that the policy did not cover damages resulting from the accident because James Doering, the pilot during the crash, failed to comply with the terms and conditions of the insurance contract. The Estates argued that Doering had in fact complied with the policy and that their claims were covered by the policy. The district court granted summary judgment to Avemco. See Avemco Ins. Co. v. Doering, et al., 7 F. Supp.2d 685 (E.D.N.C. 1998). We affirm.

I.

The parties do not dispute the underlying facts. On October 30, 1996 James Doering purchased flight insurance from Avemco for his newly acquired Piper 600A Aerostar airplane. The policy was effective from November 2, 1996 through November 2, 1997. On November 9, 1996, James Doering, Rubin Cuthrell and Charles Swaringen died when the Piper, piloted by Doering, crashed shortly after take-off. Following the crash, the Estates filed claims with Avemco,

2

which, in turn, brought this declaratory judgment action to determine its obligations under the policy.

The Avemco policy at issue here provides a maximum of $100,000 liability coverage for bodily injury to "occupants" of the Piper, with a limit of $1 million per accident. The policy states, in relevant part:

> This policy covers when your insured aircraft is in flight, only while being operated by one of the following pilots who holds a currently effective Pilot Certificate (unless a pre-solo student pilot) issued by the FAA:
>
> A. James Doering: Prior to solo, must receive not less than 10 hours' dual flight instruction in the insured aircraft or one of the same make and model. They must also obtain written approval from that certificated flight instructor who is current in make and model.

At the time of the accident, James Doering was the only pilot in the aircraft; Cuthrell and Swaringen had no piloting experience. Prior to November 9, 1996, Richard N. Cooke, an FAA certified flight instructor, gave James Doering 3.7 hours of instruction while flying in the Piper and 7.2 hours of "ground school" instruction. At the time of the crash, James Doering had not obtained written approval to fly solo from a certified flight instructor.

II.

Before the district court, the Estates relied on the North Carolina rule that ambiguous insurance contracts are to be construed in favor of the insured, see Fayetteville Aviation, Inc. v. Insurance Co. of North Am., 199 S.E.2d 485, 487 (N.C. Ct. App. 1973), and maintained that the terms "solo" and "dual flight instruction" in the Avemco policy were ambiguous. While the district court acknowledged this legal principle, it concluded that the Estates' proposed reading of the policy terms was simply unreasonable and that the policy unambiguously provided no coverage for damages arising from the accident. Thus the district court granted summary judgment to Avemco. See Guyther v. Nationwide Mut. Fire Ins. Co., 428 S.E.2d

3

238, 241 (N.C. Ct. App. 1993) ("The question of the meaning of language used in an insurance policy is a matter of law.").

First, the district court rejected the Estates' argument that Doering was never "solo" in the insured aircraft because he was never physically alone while flying the aircraft, i.e. Doering had passengers with him on the day of the crash. The court explained that the Estates could not ignore the context in which the term "solo" was used, namely, an aviation insurance contract. See id. at 241 (context is important when interpreting undefined terms in an insurance contract); cf. Parker v. State Capital Life Ins. Co., 130 S.E.2d 36, 38 (N.C. 1963) (insurance policies "must receive a reasonable interpretation, consonant with the apparent object and plain intent of the parties") (citations omitted). The district court found that, in this context,"solo" could only reasonably mean flying an airplane without an instructor, explaining that "[t]o hold otherwise would imply that Doering could have flown himself and nine others, never having a day of instruction, and yet all parties would be covered under [Avemco's] policy because Doering was not alone in the plane." Avemco, 7 F. Supp.2d at 688.

The district court also rejected the Estates' alternative contention that, even if James Doering had been flying solo on the day of the accident, he was nonetheless covered because he had received enough hours of flight instruction prior to the accident. In making this argument, the Estates interpreted the term "dual flight instruction" in the policy to include flight instruction given on the ground; under this broad reading of the policy, Doering's 7.2 hours of ground training would combine with his 3.7 hours of training in the plane to meet the requisite 10 hours of "dual flight instruction" needed for coverage. The district court again noted the logical extension of the Estates' argument and its unreasonable result. The court explained that, under the Estates' reading of the policy, "Avemco would be responsible for coverage if Doering had completed any number of hours of `ground school' instruction without ever having logged any in flight time with an instructor in the insured aircraft." Id . at 689. The court found that Avemco's interpretation -- that "dual flight instruction" means flight instruction with a certified instructor while in flight -- was the only reasonable interpretation of the term in this context. Accordingly, the court concluded that Doering received, as a matter of law, only 3.7 hours of "dual flight instruction."

4

Thus, the district court held that Doering had not complied with the terms and conditions of the Avemco policy and that Avemco was not obligated to cover claims arising from the November 9, 1996 accident.

III.

On appeal, the Estates reiterate the arguments made to, and rejected by, the district court. After careful review of the record, briefs, and applicable law, and after having the benefit of oral argument, we affirm on the basis of the district court's well-reasoned opinion. <u>See</u> <u>Avemco Ins. Co. v. Doering, et al.</u>, 7 F. Supp.2d 685 (E.D.N.C. 1998).

<u>AFFIRMED</u>

5